Tammy L. WRIGHT, Plaintiff and Appellant,

v.

Lorin G. WRIGHT, Defendant and Appellee.

Civ. No. 880145.

Supreme Court of North Dakota.

Nov. 8, 1988.

Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for plaintiff and appellant; argued by Maureen Holman.

Anseth & Zander, Williston, for defendant and appellee; argued by Janet Holter Zander.

LEVINE, Justice.

Tammy Wright appeals from an order modifying the judgment for divorce changing the custody of her two minor children to their father, Lorin Wright. We reverse and remand.

Tammy and Lorin Wright were married for five years when they were divorced on May 27, 1987. They entered into a stipulation which was incorporated into the divorce decree and judgment. The judgment granted Tammy the primary physical custody of the two minor children, Elizabeth and Nicole. Lorin was granted liberal visitation. At the time of the divorce, Elizabeth was four years old and Nicole was almost three years old.

On August 7, 1987, Tammy brought a motion to change the residence of the girls from Williston, North Dakota to Missouri in order for Tammy to attend St. Louis University School of Law. In her supporting affidavit, Tammy stated that she had

made arrangements for the girls to live with her in suburban St. Louis, near her family. She further indicated as a "reasonable possibility" that she would return to North Dakota following her law school graduation. In the event Lorin submitted a "retaliatory cross-motion for a change of custody," Tammy requested the court to grant an interim order authorizing the change of residence.

As was anticipated by Tammy, Lorin subsequently moved to modify the divorce judgment requesting custody of the children. Lorin's supporting affidavit alleged as changed circumstances, his concern with Tammy's inability to provide for the children's physical and emotional health, her inability to provide for an adequate home in St. Louis, her use of drugs, and Lorin's concern for the children's emotional health if they moved from Williston. Lorin's affidavit disclosed that, although most of these conditions existed at the time of the divorce stipulation, he believed he could keep apprised of the situation by living only a few blocks away from the children. Lorin moved for disclosure of Tammy's driving record, compulsory drug screening tests, psychological evaluations for the children, and a home study.

After an initial hearing on August 21, 1987, the court issued an interim order permitting Tammy to temporarily move to Missouri with the children from October 17, 1987 until December 19, 1987. Lorin was granted physical custody of the girls until October 17, 1987. The court continued the hearing until completion of the court-ordered home studies of each parent's respective home, psychological evaluations of Lorin, Tammy and the two children, a drug screening test of Tammy, and drug/alcohol evaluations of both Tammy and Lorin.

After a hearing on January 8, 1988, the trial court found that the conditions surrounding the children and the parties had materially changed. It concluded that the best interests of the children would be best served by the children remaining in Williston, with physical custody in Lorin.

Tammy appealed, asserting that the trial court's decision to change custody was clearly erroneous. We agree.

A trial court's decision to modify custody is subject to the clearly erroneous standard of review. *Pitsenbarger v. Pitsenbarger*, 382 N.W.2d 662, 664 (N.D.1986); Rule 52(a) NDRCivP. A finding of fact is clearly erroneous when there is no evidence to support it, or when, although there is some evidence to support it, the reviewing court on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Landsberger v. Landsberger*, 364 N.W.2d 918, 920 (N.D.1985). A finding of fact is also clearly erroneous if induced by an erroneous view of the law. *Manz v. Bohara*, 367 N.W.2d 743, 746 (N.D.1985).

There is a distinction between an original award of custody and a decision to modify custody. *Miller v. Miller*, 305 N.W.2d 666, 671 (N.D.1981). The original custody award revolves solely around the best interests of the children. *Id.;* NDCC § 14–09–06.1 (1981). But, a request to modify the custody award requires the determination of not one, but two issues in chronological order: (a) whether there has been a significant change of circumstances since the original divorce decree and custody award; and if so (b) whether those changes are such that the best interests of the child would be served by a change in custody. *Orke v. Olson*, 411 N.W.2d 97, 99 (N.D.1987); *Miller, supra.* Thus, the first step is to determine if a significant change of circumstances has occurred. Without a significant change of circumstances, there can be no modification of the custody award. *See Pitsenbarger, supra; Koller v. Koller*, 377 N.W.2d 130 (N.D.1985).

"Changed circumstances" have been described as new facts which were unknown to the moving party at the time the decree was entered. *Bergstrom v. Bergstrom*, 296 N.W.2d 490, 493 (N.D. 1980). For purposes of finality, a prior decree should not be modified without a showing of a significant need for doing so. *Id.*

The trial court found that there was a material change of circumstances surrounding the children and the parties. To support this determination, the court made three findings: (1) Tammy moved to St. Louis, Missouri to attend college; (2) the psychological evaluation suggested counseling for Tammy, and indicated that her emotional distress could potentially cause emotional problems for the children; and (3) the children's primary home is in Williston, and it is stable; Lorin plans to remain in Williston, whereas Tammy's future is uncertain.

We believe the court's first finding is clearly erroneous. When a custodial parent requests permission to change the residence of the children, a trial court should determine whether that parent will move regardless of the court's decision to allow the children to move. Only in the event a custodial parent will move without the children does that move constitute a change of circumstances for purposes of deciding a companion motion for change of custody. Tammy moved to St. Louis only after the court granted her permission to temporarily move with the children. The court was apprised of the fact and Tammy testified that if her motion for a change of the children's residence were denied, she and the girls "could not be apart." Further, once the court changed custody of the children to Lorin, Tammy dropped out of law school and immediately moved back to Williston.[1] Under these circumstances, we are definitely and firmly convinced that a mistake was made in finding as a significant change in circumstances the fact that Tammy moved to St. Louis.

As to the court's second finding concerning Tammy's psychological evaluation, there is no indication that her psychological status had changed from the time of the divorce, a scant few months before. The only evidence in the record is to the contrary. Lorin's testimony indicated that his concern for the children and the rea-

sons for that concern were present at the time of the stipulation and continued until the time of trial. These were not new facts, but were known to Lorin at the time the divorce decree was entered; therefore this was not a "changed circumstance." *See Bergstrom, supra.*

Further, the second finding suggests that the court was concerned with the effect of Tammy's psychological condition on the children. However, consideration of the best interests of the children is the second prerequisite in the modification of custody. There first must be a significant change of circumstances as a condition precedent for considering the best interests of the children. *Okre, supra.* Because there was no evidence to support this finding of changed circumstances, we conclude that it is clearly erroneous. *Landsberger, supra.*

The third finding of stability of the Williston home, does not constitute a change of circumstances justifying a change of custody in a case where the court refuses to allow a change of the children's residence. The stability of the Williston home is not a changed circumstance, but indicates that the court was again considering the best interests of the children, without first finding a changed circumstance. This finding was thus premised on an erroneous view of the law, and is clearly erroneous. *See Manz, supra.*

We conclude the trial court's findings of significant change of circumstances were clearly erroneous, and the trial court erred in modifying the judgment. Accordingly, we reverse that portion of the modified judgment which changes the custody of the children.

Tammy also challenges the trial court's "denial" of her motion to change the residence of the children. While we agree that in changing custody, the trial court effectively denied the change-of-residence motion, we have nothing to review on appeal.

---

1. Upon her return to Williston, Tammy unsuccessfully moved for reconsideration of the order changing custody. On appeal she urges as a ground for reversal the trial court's error in denying her motion for reconsideration. Because we find that the trial court erred in changing custody, we need not reach this issue.

 

The findings and conclusions of the trial court do not refer to a denial; nor does the amended judgment, although both, in effect, deny the motion to change the children's residence. Therefore, we remand to the trial court to expressly decide the motion to change the residence of the children and to draft findings or an alternative expression to explain its resolution of the issue.[2]

REVERSED AND REMANDED.

MESCHKE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of ERICKSTAD, C.J., disqualified.

VANDE WALLE, Justice, concurring specially.

I agree with the result reached by the majority opinion and most of the accompanying rationale. I am, however, concerned with the dicta in footnote 2 which may be read by some to prescribe a fixed procedure to be followed in those instances in which the custodial parent brings a motion to change residence and the noncustodial parent counterattacks with a motion for change of custody premised on a change of circumstances as a result of the proposed change in residency. Although the procedure suggested by the majority might have avoided the result in this case, we should nevertheless leave to the trial courts the flexibility to, in their discretion, fashion a procedure that will fairly and equitably resolve the competing motions. In some instances the better procedure might be to resolve the motions simultaneously rather than to first resolve the motion to change residence of the children, since it appears to me that when both motions are pending neither motion can be decided in a vacuum.

---

**2.** This case highlights the defect in the procedure utilized to resolve the competing motions for change of residence and change of custody. When, as is the case here, a companion motion for change of custody is dependent on whether the trial court denies a motion to change the children's residence, the trial court ordinarily should first resolve the motion to change the residence of the children. Notwithstanding the request for decision on an "interim" basis, the trial court should avoid such a piecemeal process in order to obviate disruption in the children's lives and to provide all parties with a speedy and complete resolution of the dispute. The need for immediacy in deciding the motion should not deter the trial court from its duty to fully resolve the motions without undue haste but with nonetheless reasonable promptness. The movant must assume the risk that a "last minute" motion may not receive what the movant may consider to be timely attention.