**Denis Dean MERTZ, Plaintiff and Appellee,**

v.

**Melody Ann MERTZ, Defendant and Appellant.**

**Civ. No. 880360.**

Supreme Court of North Dakota.

April 19, 1989.

C. Charles Chinquist, Fargo, for plaintiff and appellee.

Leslie Johnson–Soetebier, of Legal Assistance of North Dakota, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Melody Ann Mertz appealed from an amended judgment changing the physical custody of the parties' oldest son, Scott Mertz, from Melody to Denis Dean Mertz. We affirm.

1. See Section 27–05–30, N.D.C.C.

Melody and Denis were divorced in 1983. A stipulated agreement was incorporated into the divorce judgment wherein custody of the couple's three children was placed with Melody. At that time, Scott was approximately nine years old.

In January 1988, Melody and Scott had a confrontation which resulted in Melody's allowing Scott to live with his father for the remainder of the school year. She later agreed to let him stay with his father until June 1988.

On June 23, 1988, prior to Scott's moving back with his mother, Denis moved that, inter alia, the judgment awarding Melody custody of Scott be modified to transfer custody of Scott to Denis. The matter was heard before a judicial referee [1] who found that there had been a significant change in circumstances and recommended that, in the best interests of Scott, his custody should be transferred to Denis. Melody sought review of the referee's decision by the district court. See Rule 13, section 11, N.D.Supreme Court Admin.Rules. The district court confirmed the referee's decision and Melody appealed to this court.

On appeal, Melody argues that Denis failed to show there was a significant change in circumstances and that it was in the best interests of Scott that his custody be transferred to Denis. The only possible change in circumstances, she suggests, is that Melody allowed Scott to live with Denis for a short period of time; moreover, even if this court were to hold that there had been a significant change in circumstances, the best interests of Scott warrant that Melody retain custody of him. To support her argument, Melody points to her affidavit in which she states that since Scott moved in with his father, his grades have dropped, he has been absent from school more often, and he has little or no supervision while living with his father.

The judicial referee did not specifically state what he relied on in concluding that there had been a significant change in circumstances. Denis suggests the referee's findings indicated that there were many significant changed circumstances. Specif-

ically, he points out, the referee found that Scott had been living with his father since January 1988; Scott was unable to get along with his two brothers while living with his mother, creating an "openly hostile" environment; Melody had disciplinary trouble with Scott; and Scott wished to live with his father.

■ We have set forth many times the two-step analysis involved when a party seeks to modify a custody award. E.g., *Miller v. Miller*, 305 N.W.2d 666 (N.D. 1981). First, there must have been a significant change in circumstances. If there has been, then the court must further determine whether those changes are such that the best interests of the child warrant a change in custody. The burden of showing a significant change in circumstances and that the best interests of the child warrant a change in custody rests with the party seeking modification. *Koller v. Koller*, 377 N.W.2d 130 (N.D.1985). The decision of the trier of fact will not be set aside unless it is clearly erroneous under Rule 52(a), N.D.R.Civ.P. *Id.* A finding of fact is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made [e.g., *Sorum v. Schwartz*, 411 N.W.2d 652 (N.D.1987)], or if the finding was induced by an erroneous view of the law [e.g., *Manz v. Bohara*, 367 N.W.2d 743 (N.D.1985)].

■ "Changed circumstances" has been defined by this court as "new facts which were unknown to the moving party at the time the decree was entered." *Wright v. Wright*, 431 N.W.2d 301, 303 (N.D.1988). Although the preference of the child is relevant in determining the best interests of the child [Section 14–09–06.2(9), N.D.C. C.], it may not be as important in determining whether there has been a significant change in circumstances. Cf. *Miller v. Miller, supra.*

■ Melody stated in her affidavit that the reason she allowed Scott to live with his father was so that Scott "could see what living with his father was like, so he would not cause anymore trouble at home (he had been picking a lot of fights with his brothers), and because I could no longer trust Scott to stay alone with the children for any amount of time because he has a terrible temper and might go off and leave them alone."

The referee found that Scott was unable to get along with his brothers while living with his mother, creating an "openly hostile" environment. Although the phrase he used may have been too forceful to describe the state of affairs, the evidence does support the referee's finding that problems existed between Scott and his two brothers. This, along with the fact that Melody had disciplinary trouble with Scott and the fact that Scott had been living with his father for over six months at the time of the hearing on the motion to modify custody, leads us to conclude that the finding that there was a significant change in circumstances was not clearly erroneous. We therefore proceed to consider whether the recommendation that it is in Scott's best interests that his custody be placed with his father was clearly erroneous.

Section 14–09–06.2, N.D.C.C., lists several factors to be considered in determining custody in accordance with the best interests of the child. These factors include the disposition of the parents to provide food, clothing, and medical attention; the home, school, and community record of the child; and the reasonable preference of the child. The statute does not require that the trial court make express findings as to each factor enumerated in Section 14–09–06.2. *Lapp v. Lapp*, 293 N.W.2d 121 (N.D.1980).

■ The referee found that "while neither of these parents, by any means offers a perfect custodial situation for Scott, the least objectionable circumstance is that situation which is not openly hostile; ..." He also noted that Scott preferred to live with his father.[2] This was offset by "legitimate

---

2. Presumably the trial court gives more weight to the child's preference as the child matures. Cf. *Patzer v. Glasser*, 396 N.W.2d 740 (N.D.1986); *Guldeman v. Heller*, 151 N.W.2d 436 (N.D.1967);

67A C.J.S. *Parent and Child* § 22, at 233 ["As a child grows older ... more weight should be given to the preference of the child"]. See also O'Kelly, *Blessing The Tie That Binds: Preference*

concerns regarding [Denis's] parenting habits and skills." Such concerns, Melody argued on appeal, include the drop in grades Scott experienced after he moved in with his father, the increase in absences from school, and the failure of Denis to provide Scott with adequate food. Although there may be many reasons for decline in grades and increase in absences from one quarter to another, no specific reasons were given. Any inferences to be drawn from the facts as presented are to be drawn by the trier of fact, i.e., the referee. Likewise, no evidence was adduced to indicate that Scott suffered from inadequate nutrition.

Melody suggests that the referee could not possibly have considered each factor set out in Section 14–09–06.2 and nonetheless conclude that a change in custody was warranted. That section provides in part that "the best interests and welfare of the child shall be determined by the court's consideration and evaluation of all factors affecting the best interests and welfare of the child. These factors include all of the following *when applicable:* ..." [Emphasis added.] The statute lists several factors to be considered in determining the best interests of the child. Thus the fact-

finder does not have to consider a factor listed in Section 14–09–06.2 if it is not applicable. Moreover, we have stated on countless prior occasions that Section 14–09–06.2 does not require a trial court to make express findings as to each factor enunciated in that section; rather, it requires that the factfinder consider all applicable factors. See, e.g., *Miller v. Miller, supra.* We are satisfied that has been done in this case.

The task of determining the best interests of Scott obviously was not an easy one. But after a thorough review of the record we are not left with a definite and firm conviction that a mistake has been made in placing custody of Scott with his father.

The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.

---

*For The Primary Caretaker As Custodian,* 63 N.D.L.Rev. 481, 483 (1987) ["primary caretaking should be weighed more heavily than other considerations in deciding interparent custody disputes when the children are too young to express a preference"]. We also assume that the trial court recognizes that a child's preference to live with the noncustodial parent may, in some instances, be motivated by goals and ambitions which undermine the significance of that preference and may, in fact, be detrimental to the child's best interests.