**Tammy WRIGHT, Plaintiff and Appellee,**

v.

**Lorin G. WRIGHT, Defendant and Appellant.**

**Civ. No. 900196.**

Supreme Court of North Dakota.

Nov. 29, 1990.

Farhart, Lian, Maxson, Howard, Sorensen & Louser, Minot, for plaintiff and appellee; argued by Brenda M. Zent.

Bair, Brown & Kautzmann, Mandan, for defendant and appellant; argued by Dwight C.H. Kautzmann.

GIERKE, Justice.

Lorin Wright appeals from a judgment of the district court denying his request for a change of custody. We reverse and remand for further proceedings.

Tammy and Lorin Wright were divorced in May 1987. The original divorce judgment was based upon a stipulated agreement giving Tammy primary physical custody of the parties' two minor daughters, Elizabeth and Nicole. The parties subsequently litigated their custody rights, culminating in an appeal to this court in *Wright v. Wright*, 431 N.W.2d 301 (N.D. 1988) [*Wright I*]. As a result of that litigation, Tammy retained physical control of Elizabeth and Nicole. Many of the facts underlying this custody dispute are set forth in *Wright I* and will not be repeated here except as necessary to resolve the issues raised on this appeal.

In January 1990, Lorin filed a motion for change of custody, requesting that primary physical custody of Elizabeth and Nicole be awarded to him. Following a hearing, the district court entered a judgment denying the request and Lorin filed this appeal.

In *Wright I, supra*, 431 N.W.2d at 303, Justice Levine succinctly set forth the appropriate standard for determining a request to modify an original custody award:

"There is a distinction between an original award of custody and a decision to modify custody. ... The original custo-

dy award revolves solely around the best interests of the children.... But, a request to modify the custody award requires the determination of not one, but two issues in chronological order: (a) whether there has been a significant change of circumstances since the original divorce decree and custody award; and if so (b) whether those changes are such that the best interests of the child would be served by a change in custody.... Thus, the first step is to determine if a significant change of circumstances has occurred." [Citations omitted.]

The burden of showing a change of circumstances which, in the best interests of the child, requires a change of custody is on the party seeking modification. *Lapp v. Lapp*, 336 N.W.2d 350 (N.D.1983). The term "changed circumstances" has been described as new facts which were unknown to the moving party at the time the decree was entered. *Bergstrom v. Bergstrom*, 296 N.W.2d 490, 493 (N.D.1980). On appeal, this court will not set aside the trial court's determination unless it is clearly erroneous under Rule 52(a), N.D.R.Civ.P. *Orke v. Olson*, 411 N.W.2d 97 (N.D.1987).

■ Tammy gave birth to twin girls, Samantha and Jacqueline, in September 1988. During 1989 several reports of child abuse by Tammy toward Elizabeth and Nicole were investigated by social service representatives. The alleged abuse included improper physical discipline, inadequate clothing and feeding of the children, and incidents of leaving the children without appropriate supervision. Janette Krumm, a licensed social worker employed by the Williams County Social Services Board (the Board), investigated the allegations during August 1989 and concluded that there was probable cause for finding physical abuse. In September 1989, Tammy Swallers, a child protection worker employed by the Board, also found probable cause for finding neglect by Tammy in caring for Elizabeth and Nicole.

Tammy herself concedes that during 1989 she "experienced difficulties in her life" including a broken relationship with a boyfriend, depression, and drug usage which ultimately culminated in at least two suicide attempts. Dr. Marco Rancier, a licensed medical doctor practicing psychiatry in Williston, diagnosed Tammy as a substance abuser, including use of cocaine and "other hypnotic medications."

Tammy agreed to receive inpatient treatment for chemical abuse in December 1989. At that time, Swallers filed a petition seeking to place Elizabeth, Nicole, and the twins in shelter care as deprived children. The parties involved, including Lorin, stipulated to temporarily place the twins in foster care and place physical custody of Elizabeth and Nicole with Lorin. The juvenile court, based upon the stipulation, temporarily placed legal custody of the children with the director of the Williams County Social Service Board and ordered that reasonable efforts be made to return the children to Tammy within 6 months.

In January 1990, Lorin filed the petition for a change of custody, requesting physical custody of Elizabeth and Nicole. Following a hearing on Lorin's motion, the trial court prepared a written memorandum opinion but did not issue formal findings of fact. Regarding the issue of whether there had been a significant change of circumstances, the trial court made the following relevant statement:

"The only significant change of circumstances I find is the birth of the twins subsequent to the divorce. This is a consideration in favor of Tammy retaining physical custody to keep siblings together and not a changed circumstance that impels me to change the custody order now in existence."

Having reviewed the entire record on this appeal, we believe that there is substantial evidence demonstrating several additional significant changes of circumstance since the original decree was entered, including serious drug abuse by Tammy, physical abuse and neglect of the girls, and attempted suicides.

The record clearly demonstrates that, subsequent to the original decree, Tammy allowed herself to become involved in abusing drugs, including cocaine. The evidence

also clearly shows that concomitant with, and perhaps as a result of, the drug abuse Elizabeth and Nicole experienced incidents such as inappropriate physical discipline, improper care, and inadequate supervision. In addition, it is undisputed that Tammy attempted to commit suicide at least two times while Elizabeth and Nicole's physical custody were entrusted to her. Notwithstanding these circumstances, the trial court found that the only significant change since the original decree was the birth of the twins. We conclude that such finding is clearly erroneous.

The trial court erroneously determined that Tammy's suicide attempts, her drug abuse, and her inappropriate physical discipline, improper care, and inadequate supervision of Elizabeth and Nicole did not constitute a significant change of circumstances and, therefore, did not determine whether the changes require, in Elizabeth and Nicole's best interests, a change of custody. Consequently, we reverse the judgment and remand for the trial court to make that determination.

Reversed and remanded.

VANDE WALLE, J., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of ERICKSTAD, C.J., disqualified.

LEVINE, Justice, specially concurring.

I agree that the trial court's finding that the birth of the twins was the only significant change of circumstances is clearly erroneous. It is unnecessary, however, in support of that proposition, to engage in the extensive fact-finding foray of the majority. Indeed, if I were going to weigh facts, I would make different findings. However, no weighing is necessary because it is undisputed that Tammy Wright attempted suicide twice and it is also undisputed that the parties and Social Services stipulated to a temporary change of custody from Ms. Wright to Social Services. Either of these events constitutes a significant change in circumstances.

It appears that the trial court bought Ms. Wright's lawyer's argument that any change in circumstance was not significant because it was "essentially transitory" and "temporary" in nature, presumably because Ms. Wright had successfully undergone treatment and was likely to regain her children's custody the day following the hearing, under the terms of the stipulation. That argument may be persuasive on the issue of whether the significant change in circumstances requires a change of custody but not, in my view, on the issue it addressed.

Some of the trial court's expression in its memorandum opinion suggests to me that it did not believe a change in custody was warranted even if there were a material change in circumstances. However, the memorandum opinion is imprecise and ambiguous and, therefore, I join in the result that reverses and remands to the trial court for a clear expression of its findings on the issue of whether the changes in circumstances require a change in custody in order to promote the best interests of the children.

MESCHKE, J., concurs.