**Vicki WENZEL, Plaintiff and Appellant,**

v.

**Robert WENZEL, Defendant and Appellee.**

**Civ. No. 900347.**

Supreme Court of North Dakota.

May 7, 1991.

Michael R. Lochow, Fargo, for plaintiff and appellant.

Joanne H. Ottmar of Ottmar & Ottmar, Jamestown, for defendant and appellee.

VANDE WALLE, Justice.

Vicki Wenzel appealed from a second amended judgment entered in the district court for Stutsman County. The second amended judgment changed the custody of the parties' minor child from Vicki Wenzel to Robert Wenzel and provided that Vicki was to pay child support to Robert in the amount of $300 per month. We affirm.

Vicki and Robert were divorced January 23, 1985. In the original divorce decree Vicki was granted custody of the couple's only child, Kory, born October 15, 1977. Robert was required to pay child support in the amount of $200 per month during the

months he was working. The original judgment was subsequently amended to modify the amount of child support Robert was required to pay.

In August of 1989, Robert brought a motion to again amend the judgment to change custody of Kory from Vicki to Robert. The trial court issued a temporary order which granted Robert custody of Kory and required Vicki to pay child support in the amount of $150 per month. The duration of the temporary order was six months, during which time court-ordered studies of the homes of both parties and a psychological evaluation of the child were conducted.

In January of 1990, Vicki moved the trial court to reconsider the temporary order. A hearing was held and, by a memorandum decision issued March 30, 1990, the trial court continued the custody arrangements specified in the temporary order and set Vicki's child support obligation at $300 per month. The divorce judgment was amended July 23, 1990, consistent with the memorandum decision.

Vicki has raised three issues on appeal. The first issue is whether there has been a substantial change in circumstances which, in the best interests of the child, would warrant a change of custody. The second issue is whether the trial court's prior judicial involvement in Vicki's domestic disturbances affected its ability to objectively consider the motion for change of custody. The final issue is whether the trial court erred in establishing Vicki's child support obligation under the second amended judgment.

On appeal, we will not set aside the decision of the trier of fact unless it is clearly erroneous under Rule 52(a), NDRCivP. *Mertz v. Mertz*, 439 N.W.2d 94 (N.D.1989). We have held that a finding of fact is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made or if the finding was induced by an erroneous view of the law. *Mertz, supra.*

### Change of Custody

■ A decision on a motion for the modification of a custody award requires the determination of two issues. The first issue is whether there has been a significant change in circumstances. *Mertz, supra; Wright v. Wright*, 463 N.W.2d 654 (N.D.1990). If the court finds there has been a significant change of circumstances, the second issue the court must decide is whether that change is such that the best interests of the child would warrant a change in custody. *Wright, supra.* The party seeking modification has the burden of showing a change of circumstances which, in the best interests of the child, would warrant a modification. *Wright, supra.*

■ In the temporary order issued in this case, the trial court set forth its findings of fact and conclusions of law wherein it determined that there had been a substantial change of circumstances since the entry of the original divorce decree. The changed circumstances included Kory's expression of a preference to live with Robert and, more importantly, Vicki's relationship with her boyfriend, Charles Strankowski, and Kory's fear of Strankowski.

Vicki and Strankowski have dated one another, periodically, since the divorce. Vicki and Strankowski cohabited for a time, during which he severely beat her. Although Kory did not see the beating, he was in the home at the time and heard the entire incident. As a result of this incident, Kory is fearful of Strankowski. Vicki ended the relationship following the beating, but she was again dating Strankowski at the time the temporary order was issued and was engaged to him at the time she moved the trial court to reconsider the temporary order. The serious relationship which has developed between Vicki and a man her child understandably fears is a significant change of circumstance and the trial court was not clearly erroneous in so finding.

The second step in the analysis is to determine whether the change in circumstances is such that the best interests of the child warrant a change in custody. Given the existence of recent domestic violence exhibited by the man who may be-

come Kory's stepfather, and Kory's very real and understandable fear of that man, the trial court did not err in finding that it was in the child's best interests to live with Robert.

### Trial Court's Objectivity

■ Vicki contends that the trial "court was unable to objectively consider the motion for change of custody because of its involvement with the protection order sought by [her] in 1987." That protection order was issued by Judge Paulson against Strankowski shortly after he had severely beaten Vicki. Vicki argues that under Rule 59(b), NDRCivP, she should be granted a new hearing due to the trial court's prejudice against Strankowski.

The purpose of a motion for a new trial is to give the trial court an opportunity to correct errors without subjecting the parties and the appellate courts to the time and expense involved in an appeal. *Waldner v. Peterson*, 447 N.W.2d 217 (Minn. App.1989). Vicki never made a motion for a new trial,[1] however, nor did she move for relief from the judgment, pursuant to Rule 60(b)(vi), NDRCivP. Vicki made no demand for a change of judge, pursuant to NDCC § 29-15-21, until this case was already on appeal to this court.

Vicki has thus failed to raise in the trial court the issue of judicial bias. We have repeatedly held that issues not raised in the trial court cannot be raised for the first time on appeal. *E.g., Illies v. Illies*, 462 N.W.2d 878 (N.D.1990). The failure to raise the issue of judicial bias in the trial court precludes our review on appeal. *See Buzzell v. Libi*, 340 N.W.2d 36 (N.D.1983).

### Child Support Obligation

■ The third issue on appeal is whether the trial court erred in establishing the child support obligation. Relying on child support guidelines we have since determined to be invalid, *see Illies v. Illies, supra,* the trial court awarded $300 per month based on Vicki's net income of approximately $1200 per month. Vicki contends that the trial court's failure to consid-

er her expenses and the actual needs of the child resulted in a child support award which was clearly erroneous.

Under our law, prior to the promulgation of the guidelines we have since determined to be invalid, the trial court was required to consider "each parent's earning ability, current financial circumstances and necessities, as well as the necessities of the children." *Guthmiller v. Guthmiller*, 448 N.W.2d 643 (N.D.1989). Under the guidelines invalidated by *Illies*, the requirement that the trial court consider the necessities of the child was obviated. Our decision in *Illies*, however, was prospective and applied only to trial court cases decided after the issuance of the opinion and "to those cases in which the issue was raised in a trial court prior to this opinion and are now on appeal or are eligible for appeal." *Illies, supra* at 883.

While there is some question regarding the application of our decision in *Illies* to the case at bar, the trial court's use of the child support guidelines amounted to, at most, harmless error, pursuant to Rule 61, NDRCivP. The Department of Human Services has recently promulgated administrative rules concerning child support guidelines which became effective February 1, 1991. *See* N.D.Admin.Code, chapter 75-02-04.1 (1991). Under section 14-09-09.7(3), there is a rebuttable presumption that the amount of child support resulting from an application of the guidelines would be correct. Because we believe those guidelines would apply were we to remand for further consideration of child support, we have examined the guidelines and conclude that the amount awarded by the trial court in this instance, $300.00, is within the guidelines. *See* N.D.Admin.Code, chapter 75-02-04.1 (1991). Although that amount is only presumptively correct, a similar presumption applied at the time the trial court, believing the guidelines were applicable, made the award. Because the presumption was not rebutted at that time, a remand for consideration under the existing guidelines

---

**1.** Although Vicki did make a motion for a new hearing following the temporary order on the grounds that Robert's counsel at that time had previously represented her, no motion for a new hearing was ever made on the grounds of judicial bias.

would constitute a matter of form rather than substance. We conclude that affirmance of the award of child support does not affect the substantial rights of the parties and is consistent with substantial justice. Rule 61, NDRCivP. *See Puklich v. Puklich,* 463 N.W.2d 651 (N.D.1990).

The second amended judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.