*2009 ND 193*

**Garry K. DUNN, Plaintiff and Appellee**

v.

**Michelle Dye DUNN, Defendant and Appellant.**

**No. 20090127.**

Supreme Court of North Dakota.

Nov. 17, 2009.

Sandra Kay Kuntz and Bethany Joy Abrams (appeared), Dickinson, N.D., for plaintiff and appellee.

Dann Edward Greenwood, Dickinson, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1]   Michelle Dunn appeals from an amended divorce judgment granting Garry Dunn physical custody of the parties' two youngest children and allowing him to move with the children to Wyoming.   Michelle Dunn argues the district court's finding of a substantial change of circumstances warranting a change of custody as a prerequisite to move the children to Wyoming was induced by an erroneous view of the law because the court did not specifically find the change adversely impacted the children.   We hold the court did not misapply the law, and we affirm.

I

[¶ 2]   In a February 2007 divorce judgment entered after the parties stipulated to custody and visitation, Garry Dunn received custody of the parties' oldest minor child and the parties agreed to joint custody of their two youngest children.   The parties' stipulation specified a visitation schedule for each child.   Garry Dunn subsequently accepted a job as a radiologist in Wyoming beginning in March 2009, and he sought a change of custody for the two youngest children and permission to move with all three children to Wyoming.

[¶ 3]   The district court granted Garry Dunn's motions after recognizing that the parties had joint physical custody of their two youngest children and that it needed to determine whether a change in custody for those children was appropriate before it could consider Garry Dunn's motion to move the children to Wyoming.   The court said it could modify the custody order for the two youngest children if a material change in the children's circumstances existed and if the modification served the best interests of the children.   The court found Garry Dunn's move constituted a material and significant change in circum-

stances requiring modification of custody for those children:

> "Changed circumstances are only present if there are new facts which were unknown at the time the decree was entered.   *Wright v. Wright,* 431 N.W.2d 301, 303 (N.D.1988).   Although a move may not always constitute a material change of circumstances, it does here. *See Thomas v. Thomas* 446 N.W.2d 433, 436 (N.D.1989) (citing *Wright v. Wright,* 431 N.W.2d 301 (N.D.1988) supra) (where the mother was moving regardless of the court's decision and the move thereby created a significant change of circumstances necessitating an analysis of the best interests of the children), *Wright v. Wright,* 431 N.W.2d at 304 ('Only in the event a custodial parent will move without the children does that move constitute a change of circumstances for purposes of deciding a companion motion for change of custody.').   Garry Dunn is moving regardless of the Court's decision.   Since the parents will be residing in different states, it constitutes a significant change of circumstances requiring a modification of the current custody and visitation arrangement."

[¶ 4]   The court then analyzed the factors for the best interests of the children under N.D.C.C. § 14–09–06.2 and found most of the factors were equal, but two factors, N.D.C.C. § 14–09–06.2(d) and (e), favored Garry Dunn. The court granted Garry Dunn physical custody of the two youngest children and then decided the children's best interests were to move with him to Wyoming.

II

[¶ 5]   Michelle Dunn argues the district court erred in finding a substantial change in circumstances warranting a change in custody of the parties' two youngest chil-

dren. She argues the court erred in deciding Garry Dunn's move to Wyoming, by itself, constituted a substantial change in circumstances warranting a change in custody. She claims the court erred in deciding a substantial change in circumstances had occurred requiring a change in custody without specifically finding the change adversely impacted the children. She asserts that the court did not make a specific finding the changed circumstance, Garry Dunn's move, was so adverse to the children's best interests that custody should be modified and that the court did not find her conduct adversely impacted the children or required or compelled modification of custody. She argues Garry Dunn's relocation was insufficient to warrant a change of custody and the court was required, as a matter of law, to deny his motions and to grant her sole custody of the two youngest children.

[¶ 6] A district court's decision to modify custody is a finding of fact, which will not be reversed on appeal unless clearly erroneous. *Stanhope v. Phillips–Stanhope,* 2008 ND 61, ¶ 7, 747 N.W.2d 79. "A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made." *Id.* A district court's findings of fact must be "sufficient to enable the appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law." *Haugrose v. Anderson,* 2009 ND 81, ¶ 7, 765 N.W.2d 677. A district court's "findings of fact ... should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the [ ] court's decision." *Rothberg v. Rothberg,* 2006 ND 65, ¶ 14, 711 N.W.2d 219. A district court's "findings are adequate if

this Court can discern from them the factual basis for the [district] court's determination." *Id.*

[¶ 7] Here, the parties do not challenge the district court's determination that the initial divorce granted them joint physical custody of their two youngest children. This Court has recognized "that relocation cases involving joint custody are special, requiring a determination of primary custody before the parent may be allowed to move with the child." *Maynard v. McNett,* 2006 ND 36, ¶ 23, 710 N.W.2d 369. In *Maynard,* this Court examined decisions from other jurisdictions about motions to relocate in the context of joint custody and explained:

"A motion to relocate and the *Stout–Hawkinson* factors alone are inadequate in handling the case of a parent with joint custody of a child wishing to relocate with the child. [*Stout v. Stout,* 1997 ND 61, 560 N.W.2d 903; *Hawkinson v. Hawkinson,* 1999 ND 58, 591 N.W.2d 144.] We hold that a parent with joint legal and physical custody may not be granted permission to move with the parties' child, unless the district court first determines the best interests of the child require a change in primary custody to that parent. A parent with joint custody who wishes to relocate with the child must make two motions: one for a change of custody, governed by N.D.C.C. § 14–09–06.2, and one to relocate with the child, governed by N.D.C.C. § 14–09–07. The change-of-custody motion requires the party wishing to relocate to show there has been a significant change in circumstances and the best interests of the child would be served by the child's moving with the relocating parent. *McDonough v. Murphy,* 539 N.W.2d 313, 316 (N.D.1995). The best-interests-of-the-child factors in N.D.C.C. § 14–09–06.2 must be applied rather than the *Stout–Hawkinson* fac-

tors. *McDonough,* at 317. The *Stout–Hawkinson* factors are designed to address the best interests of the child for cases in which a primary custodian has already been designated and the custodial parent wishes to move. *Stout,* 1997 ND 61, ¶¶ 34, 54, 560 N.W.2d 903. That is not the situation in a joint custody case. No primary custodian has been determined. *Id.* at ¶ 54 n. 7. Therefore, the *Stout–Hawkinson* factors are incapable of addressing the issue fully, and the statutory factors provided in N.D.C.C. § 14–09–06.2 must be used to decide which primary custody arrangement will serve the best interests of the child. The district court may consider the intention of the parent making the motion to relocate with the child in judging the child's best interests under § 14–09–06.2. *See Potter v. Potter,* [121 Nev. 613,] 119 P.3d 1246, 1250 (2005) ('The issue is whether it is in the best interest of the child to live with parent A in a different state or parent B in Nevada.'); *Chen v. Heller,* 334 N.J.Super. 361, 759 A.2d 873, 885 (2000) (the children's best interests were better served by relocating with their mother to Texas); *Voit [v. Voit,* 317 N.J.Super. 103], 721 A.2d [317, 327 (1998) ] ('after assuming that the doctor will move, this court has simply considered whether going with his father or remaining with his mother is in [the child's] best interests'); *Murnane v. Murnane,* 229 N.J.Super. 520, 552 A.2d 194, 198 (1989) ('If the two parties claiming custody each proposes to live in a different jurisdiction, the court is bound to take that fact into consideration.'). After assuming [the mother] will move to Missouri, the district court simply has to decide whether the child's best interest are better served with [the mother] in Missouri or with [the father] in North Dakota. *Voit,* 721 A.2d at 327."

2006 ND 36, ¶ 21, 710 N.W.2d 369. *See* 2009 N.D. Sess. Laws ch. 149, § 9 and *Hearing on S.B.2042 Before Senate Judiciary Comm.,* 61st N.D. Legis. Sess. (Jan. 19, 2009) (written testimony of Sherry Mills Moore, explaining 2009 amendment to N.D.C.C. § 14–09–07(2) was intended to codify *Maynard* ).

■ [¶ 8] Section 14–09–06.2, N.D.C.C., outlines factors for a court's evaluation of the best interests and welfare of a child. As relevant to this case, N.D.C.C. § 14–09–06.6 authorizes post-judgment modification of a decision about custody which, effective August 1, 2009, is called "primary residential responsibility." *See* 2009 N.D. Sess. Laws ch. 149, §§ 4, 8. Under N.D.C.C. § 14–09–06.6(6), a court may modify a custody order if it has been more than two years since the order was entered, and the court finds:

"a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

"b. The modification is necessary to serve the best interest of the child."

A "party seeking a custody modification [under N.D.C.C. § 14–09–06.6(6) ] bears the burden of proving there has been a material change in circumstances and a modification is necessary to serve the best interests of the child." *Siewert v. Siewert,* 2008 ND 221, ¶ 16, 758 N.W.2d 691; *Kelly v. Kelly,* 2002 ND 37, ¶ 17, 640 N.W.2d 38.

[¶ 9] This Court construed "material" in N.D.C.C. § 14–09–06.6(6)(a) to mean "important new facts that were unknown at the time of the prior custodial decree" and rejected an invitation to interpret a material change in circumstances to be met only by evidence of a significant or

important change that has a negative impact on the well-being of the child. *Kelly,* at ¶ 17 (footnote omitted) and ¶ 47 (Maring, Justice, concurring in result). We have said a parent's relocation may constitute a material change in circumstances. *Id.* at ¶ 19; *Gietzen v. Gietzen,* 1998 ND 70, ¶ 10, 575 N.W.2d 924.

[¶ 10] In some contexts, this Court has said a court must consider whether a change in circumstances so adversely affected the child's best interests that a custodial change is required. *See Siewert,* 2008 ND 221, ¶¶ 2, 19, 758 N.W.2d 691 (initial order granted parents joint legal custody of children with sole physical custody to mother; affirming order awarding sole physical and legal custody to mother in case with no issue about relocation); *Lovin v. Lovin,* 1997 ND 55, ¶ 16, 561 N.W.2d 612 (discussing different standards for motion for new trial and motion to modify order awarding custody to father); *McDonough v. Murphy,* 539 N.W.2d 313, 316 (N.D.1995) (modifying order granting mother custody and denying mother's motion to relocate to Arizona).

[¶ 11] In *Maynard,* however, in the context of a motion to relocate when the parents initially had joint custody, this Court explained, "The district court may consider the intention of the parent making the motion to relocate with the child in judging the child's best interests under [N.D.C.C.] § 14–09–06.2." 2006 ND 36, ¶ 21, 710 N.W.2d 369 (citing *Potter,* 119 P.3d at 1250; *Chen,* 759 A.2d at 885; *Voit,* 721 A.2d at 327; *Murnane,* 552 A.2d at 198). Under *Maynard,* it was appropriate for the district court to consider that Garry Dunn was moving to Wyoming regardless of the court's decision. The court effectively analyzed whether the children's best interests were better served with Garry Dunn in Wyoming or with Michelle Dunn in North Dakota. Neither N.D.C.C.

§ 14–09–06.6(6) nor *Maynard* requires a specific finding that a material change in circumstances must adversely impact a child in the context of a relocation case involving joint custody. *Maynard* makes clear that for a motion to relocate in a joint custody case, "the party wishing to relocate [must] show there has been a significant change in circumstances and the best interests of the child would be served by the child's moving with the relocating parent." 2006 ND 36, ¶ 21, 710 N.W.2d 369. *Maynard* further states "the statutory factors provided in N.D.C.C. § 14–09–06.2 must be used to decide which primary custody arrangement will serve the best interests of the child." *Maynard,* at ¶ 21. A parent's relocation may constitute a material change in circumstances, and under *Maynard* and the plain language of N.D.C.C. § 14–09–06.6(6), we reject Michelle Dunn's argument that, in the context of a relocation case involving joint custody, there must be a specific finding that a material change in circumstances has adversely impacted the children. Rather, for motions to modify joint custody under N.D.C.C. § 14–09–06.6(6), the court must find a material change in circumstances of the child or the parties, which may include a parent's relocation, and that modification is necessary to serve the best interests of the child.

[¶ 12] Here, the district court found that Garry Dunn had spent the most parenting time with the children since the divorce; that the children had developed a relationship with Garry Dunn's current wife and her children; that Garry Dunn was moving regardless of the court's decision; and that because the parents would be physically residing in different states, the move constituted a significant change in circumstances requiring a modification of the current joint custody arrangement for the two youngest children. The court

then analyzed whether a modification was in the best interests of the children and changed custody of the two youngest children to Garry Dunn after concluding that most of the best interest factors were equal, but that two factors favored him. The court's explanation for the change of custody is sufficient to understand that it would be physically impossible for the parties to continue with joint physical custody for the two youngest children and that the change in Garry Dunn's physical location necessitated a change in custody to him in the best interests of the children. The district court's findings are consistent with the requirements of N.D.C.C. §§ 14–09–06.6(6), and 14–09–06.2 and are supported by the evidence, and we are not left with a definite and firm conviction a mistake was made.

### III

[¶ 13] We affirm the district court's amended judgment modifying custody and allowing Garry Dunn to relocate with the children to Wyoming.

[¶ 14] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, specially concurring.

[¶ 15] I specially concur in the result reached by the majority. I do agree with the majority's conclusion that a parent with joint physical custody must bring both a motion to change custody and a motion to relocate. However, I disagree with the majority's analysis and its reliance on and application of *Maynard v. McNett*, an opinion in which I did not participate. 2006 ND 36, 710 N.W.2d 369. When a parent with joint physical custody of a child wishes to relocate, the trial court must first determine the best interests of the child require a change in primary

physical custody to that parent and then must analyze the motion to relocate under the *Stout–Hawkinson* factors. *See, e.g., Kienzle v. Yantzer*, 2007 ND 167, ¶¶ 11–12, 740 N.W.2d 393 (holding the father had primary physical custody not joint physical custody and therefore the court did not err in failing to first decide whether the best interests of the child require a change in primary physical custody before deciding whether to allow the relocation).

[¶ 16] Garry Dunn and Michelle Dunn stipulated to joint custody of their two youngest children when they divorced. Garry Dunn moved for both a change of primary custody and relocation after he received a job offer in Wyoming. The trial court correctly first decided whether a modification of custody was appropriate before it considered the motion to relocate because the parties shared joint custody. *See id.; Stout v. Stout*, 1997 ND 61, ¶ 54, n. 7, 560 N.W.2d 903 ("We recognize that there are cases in which the parents, pursuant to a final decree, share physical custody equally and an original determination of primary custody may be necessary in a motion to relocate by one parent."). After making that decision in favor of Garry Dunn, the trial court correctly proceeded to decide whether to allow the relocation of the children to Wyoming under the *Stout–Hawkinson* factors.

[¶ 17] A trial court may modify custody after the initial two-year period following the date of entry of an order establishing custody if a material change has occurred in the circumstances of the child or parties and the modification is necessary to serve the best interest of the child. N.D.C.C. § 14–09–06.6(6). We have previously set forth our analysis in a modification proceeding:

A court's analysis in considering whether to modify custody differs from its analysis when awarding original custody.

For a determination of an original custody award, only the best interests of the child are considered. But, when a party is seeking to modify a custody arrangement, a court applies a two step process. A trial court must determine: 1) Whether there has been a significant change of circumstances following the divorce and custody determination, and 2) Whether the changes of circumstances effect [sic] the child in such an adverse way that it compels or requires a change in the existing arrangement to further the best interests of the child.

*Klein v. Larson*, 2006 ND 236, ¶ 12, 724 N.W.2d 565; *Siewert v. Siewert*, 2008 ND 221, ¶ 19, 758 N.W.2d 691 (stating "[i]f the court finds there has been a material change in circumstances the court must also consider whether the change is so adverse to the child's best interests that custody should be modified.").

[¶ 18] Therefore, the trial court must first consider whether there has been a material change in circumstances. We have consistently stated that a relocation alone cannot be a material change in circumstances. *See Stout*, 1997 ND 61, ¶ 54, 560 N.W.2d 903 (citing *McDonough v. Murphy*, 539 N.W.2d 313, 317 (N.D.1995)) ("Relocation of the minor child is not in and of itself a significant change in circumstances."); *Barstad v. Barstad*, 499 N.W.2d 584, 587 (N.D.1993) ("[W]e have said that a move to another state does not, by itself, compel a change of custody.") (citation omitted). Yet, the majority cites *Kelly* and *Gietzen* to support the proposition that a parent's relocation may constitute a material change in circumstances. *Kelly v. Kelly*, 2002 ND 37, ¶ 19, 640 N.W.2d 38; *Gietzen v. Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924. However, *Kelly* and *Gietzen* are both distinguishable. Both *Kelly* and *Gietzen* involved more than relocation, and the relocations in both cases were within the state. *Kelly*, at ¶ 18;

*Gietzen*, at ¶¶ 5–9. In *Kelly*, the Court stated, "The relocation of a parent *and* a change of a child's preference may constitute a significant change of circumstances." 2002 ND 37, ¶ 19, 640 N.W.2d 38 (citing *Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924; *Mosbrucker v. Mosbrucker*, 1997 ND 72, ¶ 10, 562 N.W.2d 390; *Alvarez v. Carlson*, 524 N.W.2d 584, 590 (N.D. 1994)) (emphasis added). In *Gietzen*, the Court considered the custodial parent's relocation within the state that occurred in conjunction with the parent's decision to move in with her new boyfriend, as well as the child's preference. *Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924. Our Court has stated that "[o]nly in the event a custodial parent will move without the children does that move constitute a change of circumstances for purposes of deciding a companion motion for change of custody." *Wright v. Wright*, 431 N.W.2d 301, 304 (N.D.1988). Therefore, it is clear that our case law does not support the proposition that relocation alone is sufficient to establish a change in circumstances as the majority holds. I am of the opinion that when a parent has joint physical custody and states he will move without the children and he has a legitimate reason for leaving the state, those facts taken together may constitute a material change in circumstances affecting the best interests of a child, sufficient to require examination of the best interests of the child. *See Brown v. Brown*, 260 Neb. 954, 621 N.W.2d 70, 78 (2000). The better rule is that a parent sharing joint physical custody must prove a material change in circumstances by evidence of a legitimate reason to leave the state and an expressed intent to do so without the children. *Id.* at 78–79. We have held that if the custodial parent states she will not move without the children there is no substantial change of circumstances. *Wright*, 431 N.W.2d at 304.

[¶ 19] The majority, at ¶ 9, states: "This Court ... rejected an invitation to interpret a material change in circumstances to be met only by evidence of a significant or important change that has a negative impact on the well-being of the child." It also states, at ¶ 11, "Neither N.D.C.C. § 14–09–06.6(6) nor *Maynard* requires a specific finding that a material change in circumstances must adversely impact a child in the context of a relocation case involving joint custody." I disagree with that interpretation of the statute and our case law. *See Kelly,* 2002 ND 37, ¶¶ 38–53, 640 N.W.2d 38 (Maring, J., concurring). We have continually held that "[i]f the court finds there has been a material change in circumstances, the court must also consider whether the change is so adverse to the child's best interests that custody should be modified." *Siewert,* 2008 ND 221, ¶ 19, 758 N.W.2d 691 (citing N.D.C.C. § 14–09–06.6); *see also Klein,* 2006 ND 236, ¶ 12, 724 N.W.2d 565 (providing the second step in a modification of custody analysis as whether the changes of circumstances affect the child in such an adverse way that it compels or requires a change in custody to further the best interests of the child); *Kelly,* 2002 ND 37, ¶ 47, 640 N.W.2d 38 (Maring, J., concurring) ("[T]he determination of whether there is a material change of circumstances must be met only by evidence of a significant or important change that has a negative impact on the well-being of the child."); *Hilgers v. Hilgers,* 2002 ND 173, ¶ 23, 653 N.W.2d 79; *O'Neill v. O'Neill,* 2000 ND 200, ¶ 4, 619 N.W.2d 855; *Interest of K.M.G.,* 2000 ND 50, ¶ 4, 607 N.W.2d 248; *Luna v. Luna,* 1999 ND 79, ¶ 24, 592 N.W.2d 557; *Hill v. Weber,* 1999 ND 74, ¶ 8, 592 N.W.2d 585; *Hendrickson v. Hendrickson,* 1999 ND 37, ¶ 13, 590 N.W.2d 220; *Mosbrucker v. Mosbrucker,* 1997 ND 72, ¶ 6, 562 N.W.2d 390. Here, the trial court concluded that a material change of circumstances occurred because Garry Dunn would move to Wyoming without the children. This is consistent with *Wright* and even *Maynard. See Wright,* 431 N.W.2d at 304; *Maynard,* 2006 ND 36, ¶ 18, 710 N.W.2d 369.

[¶ 20] A finding of a material change in circumstances must be followed by an analysis of whether the change affects the child in such an adverse way that it compels a change in custody in the best interests of the child. *See, e.g., Klein,* 2006 ND 236, ¶ 12, 724 N.W.2d 565. Although the trial court must consider whether the change adversely affects the best interests, I disagree with Michelle Dunn's position that the court must make a specific finding on the issue in a joint physical custody case. When a parent with joint physical custody relocates, it is implicit that the parent's relocation will adversely impact the children. The intent to move without the children indicates the necessity for some sort of modification to address the new circumstances. When one parent relocates, the children in joint custody situations will often have less parenting time with one parent. *See, e.g., Stout,* 1997 ND 61, ¶ 30, 560 N.W.2d 903 ("If the court refuses to grant permission for the children to leave the state and the custodial parent leaves, the roles are reversed, but the problem is the same: The move has interfered with or restricted the ability of one parent to exercise visitation rights."). The court can analyze this within the best interest of the child factors, and it did so here. The trial court determined that factors "d" and "e" favored Garry Dunn, while the other factors were equal, and factors "I" and "j" did not apply. The court made specific findings under factors "d" and "e":

The children have spent more time at Garry Dunn's residence. Although Michelle Dunn has contributed, he has had

the principal responsibility for taking care of the children's needs. Therefore, factor d favors Garry Dunn. Similarly, the children have bonded as a family unit with their stepmother and her children. They have become accustomed to living in their father's residence. This is countered by their bond with their mother and the fact that they will likely miss her. Nevertheless, the permanence factor, e, favors Garry Dunn.

Thus, the trial court implicitly considered whether Garry Dunn's relocation would adversely impact the children. If the court determined the material change would not adversely affect the children, then the change would not compel a change of custody in the best interests of the children. In this case, Garry Dunn's new job opportunity and intent to move even without the children would disrupt the minor children's stable environment with the father and the permanence of the family unit. The trial court found none of the factors favored Michelle Dunn. Nothing in *Maynard* suggests that the trial court should not consider whether the material change adversely impacts the child, and *Maynard* should not be read to completely disregard the analysis this Court has consistently applied and instructed trial courts to apply in change of custody determinations.

[¶ 21] To the extent *Maynard* held that only the best-interests-of-the-child factors in N.D.C.C. § 14–09–06.2 must be applied and the *Stout–Hawkinson* factors would not be applied after a primary custody determination, I disagree. *See Maynard*, 2006 ND 36, ¶ 21, 710 N.W.2d 369. The trial court here correctly applied our past case law and first determined the motion for a change of custody. However, the majority ignores the trial court's consideration of the *Stout–Hawkinson* factors in the trial court's analysis of the motion to relocate. The majority opinion, at ¶ 4,

states, "[t]he court granted Garry Dunn physical custody of the two youngest children and then decided the children's best interests were to move with him to Wyoming." However, in deciding whether to grant a motion to relocate to another state is in the child's best interests, factors other than those under N.D.C.C. § 14–09–06.2 must be considered. The trial court properly considered whether it was in the best interest of the children to move to another state, and it applied the *Stout–Hawkinson* factors to analyze the motion to relocate. The *Stout–Hawkinson* factors provide:

1.  The prospective advantages of the move in improving the custodial parent's and child's quality of life,

2.  The integrity of the custodial parent's motive for relocation, considering whether it is to defeat or deter visitation by the noncustodial parent,

3.  The integrity of the noncustodial parent's motives for opposing the move,

4.  The potential negative impact on the relationship between the noncustodial parent and the child, including whether there is a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the noncustodial parent's relationship with the child if relocation is allowed, and the likelihood that each parent will comply with such alternate visitation.

*Hawkinson v. Hawkinson*, 1999 ND 58, ¶¶ 6, 9, 591 N.W.2d 144. Under our case law, these factors must be applied in those cases when a parent with primary physical custody wishes to relocate with the child. At the time a court determines the motion to relocate, the court will have decided whether a change of custody is appropriate. If the physical custody changes to

the parent who opposed the motion to relocate, then the motion to relocate becomes moot. However, if primary custody is awarded to the parent who intends to relocate, the court must apply the *Stout–Hawkinson* factors.

[¶ 22] The trial court's analysis provides an excellent example of how the *Stout-Hawkinson* factors provide additional and different considerations than the best interests of the child specifically relating to modification of custody. We must provide trial courts with the opportunity to decide whether a change of custody is warranted, but a relocation is not, and *Maynard* does not provide that analysis. Applying the four *Stout–Hawkinson* factors, the trial court found:

19. The prospective advantages of the move in improving the custodial parent's and children's quality of life are significant. Sheridan offers more job stability for Garry Dunn, as well as higher income, more free time, and a more stimulating professional environment. This will positively affect the whole family. Further, the children will have the same or better educational and athletic opportunities as in Dickinson. Also, the family currently has limited religious opportunities. Sheridan has a much larger group with the same religious beliefs as the Dunn family.

20. Garry wishes to move to improve his family's situation. It is clear that he is not attempting to defeat or deter visitation by Michelle Dunn as [he is] proposing a visitation schedule which would continue about the same parenting time.

21. No evidence was presented as to Michelle Dunn's motive for opposing the motion. Thus, the Court makes no finding as to this factor.

However, the Court finds that Michelle Dunn's visitation time and bond with her children will not be negatively impacted if Garry Dunn's proposed visitation schedule or similar schedule is implemented.

22. After analyzing the applicable factors, the Court finds that it is in the children's best interests to move with Garry Dunn, but the Court is concerned about moving the children before the end of the school year. Therefore, the Court's permission to change the children's residency does not take affect [sic] until the end of the current school year.

By contrast, under the best interest factors, the trial court made findings only on factors "d" and "e" regarding the time that the children currently spend at Garry Dunn's residence, the parental responsibility for care, and the current family unit. The change of custody analysis is different, and although the custody analysis is undisputably intertwined with the relocation analysis in situations in which parents have joint physical custody and one parent wishes to relocate, separate analyses are necessary to determine first, whether a change of custody is warranted, and second, whether relocation is appropriate.

[¶ 23] Although I disagree with the majority's analysis of our legal precedent, I do not believe the trial court's decision was clearly erroneous. Therefore, I concur in the result.

[¶ 24] Mary Muehlen Maring