2008 ND 229

**Amanda M. SERR, Plaintiff and Appellee**

v.

**Cody G. SERR, Defendant and Appellant.**

**No. 20080188.**

Supreme Court of North Dakota.

Dec. 16, 2008.

Benjamin C. Pulkrabek, Mandan, N.D., for plaintiff and appellee.

Justin D. Hager (argued) and Richard B. Baer (on brief), Richard B. Baer, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Cody Serr appeals from an amended judgment entered after remand in *Serr v. Serr*, 2008 ND 56, ¶¶ 17–23, 746 N.W.2d 416, in which we reversed the district court's child support award under the "equal physical custody" provision of N.D. Admin. Code § 75–02–04.1–08.2 and remanded for proper application of the guidelines because the judgment did not actually award each parent equal physical custody as defined by the guidelines. We hold the judgment on remand does not award each parent equal physical custody as defined by the child support guidelines, and we reverse the court's child support decision and remand for entry of judgment consistent with this opinion.

## I

[¶ 2] In May 2006, Amanda Serr sued Cody Serr for divorce, seeking custody of the parties' minor child and child support from him. Cody Serr answered and sought custody of the parties' child and child support from Amanda Serr. In August 2006, the district court entered an interim order, granting the parties "alternate custody [of the child] on a weekly basis," establishing Amanda Serr's interim child support obligation at $168 per month and Cody Serr's interim obligation at $394 per month, and ordering Cody Serr to pay Amanda Serr the difference of $226 per month.

[¶ 3] At a scheduled February 2007 trial, the parties agreed to a custody disposition, and Amanda Serr's counsel recited the stipulation to the court:

> MR. THOMPSON: Yes, I will. We are going to follow what the Court had suggested with the custody. Cody will have the Sunday through Thursday and Amanda would have the Thursday through Sunday; also, that when the other parent is available for babysitting they will be utilized to the maximum, no matter who it is.
>
> With regard to child support, since we do have a co-joint custody, we would again use the guidelines. We'll redo the calculations to determine what the child support would be.
>
> Holidays, we've decided to leave that open. In other words, leave that up to the parties to decide rather than alternating. And that would include the typical holidays, Christmas, birthdays, things of that nature, and hopefully they can kind of work things out, even split days like on the child's birthday.
>
> . . . .
>
> THE COURT: I'm going to allow you to stipulate. I'm going to ask you to reduce this to a written document.

. . . .

> THE COURT: Mr. Baer, is the recitation reasonably accurate?
>
> MR. BAER: Yes, it is, Your Honor. The only thing is—yeah, is a beginning time that we need—and depending on how long it takes us. It shouldn't take Maury and I too long. It's a matter of child support coming out of his check twice a month. They are taking one now. If it goes to the 1st of March and we end up in that situation we might need some kind of order that says after March 1 it no longer comes out of his check. And Maury and I can deal with that.
>
> THE COURT: Make March 1 the effective date.

[¶ 4] At a May 2007 hearing, the parties disagreed about whether their stipulation provided for equal physical custody of the child for purposes of establishing child support under N.D. Admin. Code § 75–02–04.1–08.2. After a short evidentiary hearing, the court issued amended findings of fact, conclusions of law, and an order for judgment, finding the parties intended to agree to "joint legal custody" and "joint physical custody" of the child and attempted "to achieve an equal division of the custody of the minor child" with Amanda Serr having custody from Thursday afternoon until Sunday evening and Cody Serr having custody for the remaining time. The court applied the provision of the child support guidelines for equal physical custody in N.D. Admin. Code § 75–02–04.1–08.2, and after a set off, established Cody Serr's child support obligation at $306 per month.

[¶ 5] The actual August 2007 judgment described the parties' custodial arrangement:

2. The parties will be co-custodial parents and have the joint custody of the parties' minor child . . . .

. . . .

5. [Amanda] and [Cody Serr] have joint custody of the minor child. . . . The parties will share custody and visitation as follows:

a. [Cody Serr] will have the child from Sunday afternoon at 5:00 p.m. through Thursday afternoon at 5:00 p.m. of each week. [Amanda Serr] will have the child from Thursday afternoon at 5:00 p.m. through Sunday afternoon at 5:00 p.m. of each week, except the parties will alternate the weekends depending upon [her] work schedule.

b. The other parent will be given the first chance to take care of the child if the custodial parent needs either daycare and/or a babysitter.

c. The parties will split the major holidays, Christmas vacation, child's birthday, Mother's Day, Father's Day, etc., as agreed upon between the parties.

d. Each party will have access to the child by telephone and electronic means.

The judgment also described the parties' offsetting child support obligations under N.D. Admin. Code § 75–02–04.1–08.2 and ordered Cody Serr to pay Amanda Serr $306 per month for child support, starting on March 1, 2007.

[¶ 6] In *Serr*, 2008 ND 56, ¶ 16, 746 N.W.2d 416, we affirmed the district court's custody decision. We reversed the court's child support decision, however, stating the judgment did not award the parties equal physical custody as defined by N.D. Admin. Code § 75–02–04.1–08.2, because the judgment, on its face, did not award each parent physical custody of the child "exactly fifty percent of the time."

*Serr*, at ¶ 22. We remanded for proper application of the child support guidelines, but "recognize[d] that on remand the district court may need to address whether the August 2007 judgment accurately reflected the court's . . . findings of fact, conclusions of law and order for judgment in reconciling its award of child custody with its child support calculations." *Id.* at ¶¶ 16, 22.

[¶ 7] On remand, the district court said although the amended judgment did not use the term "exactly" in delineating the parties' custodial arrangement, "there can be no doubt that each of the parties intended to achieve spending an equal amount of time with the child to the extent of their human ability." The court's amended judgment provided:

That the parties have attempted to achieve this equal custody division of the minor child with [Amanda Serr] having custody of the minor child from Thursday afternoon through Sunday afternoon and [Cody Serr] having custody of the minor child the remaining period of time.

The court said that arrangement satisfied the requirements for calculating child support under the "equal physical custody" language of N.D. Admin. Code § 75–02–04.1–08.2. The court then used the parties' 2007 income tax returns to calculate their respective child support obligations under N.D. Admin. Code § 75–02–04.1–08.2. The court set Amanda Serr's child support obligation at $168 per month on the basis of her minimum wage and set Cody Serr's obligation at $540 per month on the basis of his net monthly income of $2,810. After offset, the court established Cody Serr's child support obligation at $372 per month, beginning on March 1, 2007.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and

N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 9] Cody Serr argues the parties do not have equal physical custody of the child, as defined by the child support guidelines, because the judgment awards him custody of the child more days per year than Amanda Serr. He claims he is the custodial parent of the child, and the district court erred in calculating child support under the provision for equal physical custody.

[¶ 10] In *Serr*, 2008 ND 56, ¶ 18, 746 N.W.2d 416 (citations omitted), we outlined our standard of review for child support decisions:

Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. If the district court fails to comply with the child support guidelines in determining an obligor's child support obligation, the court errs as a matter of law.

[¶ 11] Here, on remand the district court calculated the parties' child support obligations under N.D. Admin. Code § 75–02–04.1–08.2, which provides for the calculation of the parties' offsetting child support obligations when parents have been awarded equal physical custody. Whether the district court properly applied N.D. Admin. Code § 75–02–04.1–08.2 is a question of law. *Serr*, 2008 ND 56, ¶ 19, 746 N.W.2d 416.

[¶ 12] Section 75–02–04.1–08.2, N.D. Admin. Code, outlines an offset procedure for calculating child support when the parents have equal physical custody and says "[e]qual physical custody means each parent has physical custody of the child ... exactly fifty percent of the time." *See Boumont v. Boumont*, 2005 ND 20, ¶ 9, 691 N.W.2d 278. For the offset procedure in N.D. Admin. Code § 75–02–04.1–08.2 to apply, the actual judgment awarding custody must give each parent "equal physical custody" of the child "exactly fifty percent of the time." *Boumont*, at ¶¶ 9–10. The actual language of the judgment establishes whether there is equal physical custody. *Id.* In *Boumont*, at ¶ 10, we explained:

In situations where the court order provides for equal physical custody, the court order controls the child support, regardless of the actual custodial arrangement exercised by the parties. This Court has previously relied on the language of court orders, even where reality may differ, to promote bright-line rules and the strict construction of unambiguous language in the Child Support Guidelines.

[¶ 13] Here, despite the district court's statement on remand that the parties intended to "spend[ ] an equal amount of time with the child to the extent of their human ability," the actual language of the judgment does not give the parties equal physical custody as contemplated by the language of N.D. Admin. Code § 75–02–04.1–08.2. Rather, the specific language of the judgment entered after remand grants Amanda Serr custody three days per week from Thursday afternoon through Sunday afternoon and grants Cody Serr custody for the remaining period of time, with an equal split of holidays and a preference for the other parent to provide daycare whenever needed. Our prior decision in this case authorized the district court to adjust the ordered custody to be "equal physical

custody" under the guidelines, *see Serr*, 2008 ND 56, ¶ 16, 746 N.W.2d 416, but the actual language in the judgment did not alter the parties' custodial arrangement. Under the actual language in the judgment entered after remand, we conclude the court erred in applying the "equal physical custody" provision for establishing the parties' child support obligations.

[¶ 14] On remand, the district court calculated the parties' net incomes for purposes of establishing their offsetting child support obligations. Using those calculations, we conclude Amanda Serr's child support obligation is $168 per month, beginning on the date set by the district court, March 1, 2007. We further conclude the provision for adjustment of child support in cases with extended visitation under N.D. Admin. Code § 75–02–04.1–08.1 does not apply because, under the actual language of the judgment, Amanda Serr's custody of the child does not exceed 60 of 90 consecutive nights, or an annual total of 164 nights per year, as required by that rule.

### III

[¶ 15] We reverse the district court's child support decision and remand for entry of judgment establishing Amanda Serr's child support obligation as $168 per month effective March 1, 2007.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.