2009 ND 45

**STATE of North Dakota ex rel. K.B., minor child, Plaintiff and Appellant**

v.

**Travis BAUER, Defendant and Appellee.**

No. 20080092.

Supreme Court of North Dakota.

April 2, 2009.

Marnie Renell Soggie (argued), Special Assistant Attorney General, Child Support Enforcement, Bismarck, N.D., Jackson John Lofgren (on brief), Special Assistant Attorney General, Mandan, N.D., for plaintiff and appellant.

Christopher Glenn Lindblad (argued), Bismarck, N.D., for defendant and appellee.

CROTHERS, Justice.

[¶ 1] The State, through the Regional Child Support Enforcement Unit ("Unit"), appeals from a district court judgment establishing the child support obligation of Travis Bauer. We conclude the district court did not err when it failed to impute income to Bauer based upon the amount he earned from a college internship, but did err in deducting Bauer's visitation expenses directly from his child support obligation. We modify the judgment and, as modified, affirm.

I

[¶ 2] Bauer is the father of a child, K.B., born out of wedlock in 2003. Through an agreement with K.B.'s mother, Bauer paid for one-half of K.B.'s medical insurance, medical expenses, and day care expenses, and exercised visitation with K.B. on alternating weekends. After K.B.'s mother applied for child support services with the Unit in 2006, the Unit brought this action to establish Bauer's child support obligation.

[¶ 3] At the time of the hearing in September 2007, Bauer was attending school full-time at North Dakota State University ("NDSU") majoring in mechanical engineering. As part of an internship program through the university, he had been employed at Ingersoll–Rand from May 2005 to August 2006 and from May 2007 to August 2007. He received a salary and college credit through the internship program. Between August 2006 and early 2007, Bauer also worked part-time as a sales associate at Sears.

[¶ 4] The district court calculated Bauer's child support obligation for the period from late 2006 to September 2007 based upon his actual income during that time. The parties do not dispute those amounts. The dispute in this case centers upon Bauer's ongoing future child support obligation from the date of the hearing.

[¶ 5] The Unit argued that Bauer was unemployed and that, under the child support guidelines, income must therefore be imputed to him based upon his greatest

average gross earnings in twelve consecutive months during the previous three years, which the Unit argued was $41,989.50 earned during a twelve-month period of his first Ingersoll–Rand internship. The Unit contended that imputing this amount resulted in a child support obligation under the guidelines of $492 per month. Bauer argued that the income from Ingersoll–Rand had been earned through a temporary college internship and he could no longer earn that amount. He therefore argued income should be imputed based upon his earnings at Sears, resulting in a child support obligation of $314 per month.

[¶ 6] The district court agreed with Bauer and imputed income based upon Bauer's earnings at Sears, resulting in a child support obligation of $314 per month. The court further concluded Bauer was entitled to reduction of his child support for visitation expenses of $97.50 per month, resulting in a final child support obligation of $217 per month commencing February 29, 2008.

## II

[¶ 7] On appeal, the Unit contends the district court erred as a matter of law when it failed to impute income to Bauer based upon the $41,989.50 he earned during twelve months of his first Ingersoll–Rand internship.

[¶ 8] "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Buchholz v. Buchholz*, 1999 ND 36, ¶ 11, 590 N.W.2d 215. "If the district court fails to comply with the child support guidelines in determining an obligor's child support obligation, the court errs as a matter of law." *Serr v. Serr*, 2008 ND 229, ¶ 10, 758 N.W.2d 739 (quoting *Serr v. Serr*, 2008 ND 56, ¶ 18, 746 N.W.2d 416). The interpretation and proper application of a provision of the child support guidelines is a question of law, fully reviewable on appeal. *Id.* at ¶ 11. "The failure to properly apply the child support guidelines to the facts involves an error of law." *Korynta v. Korynta*, 2006 ND 17, ¶ 18, 708 N.W.2d 895 (quoting *In re N.C.C.*, 2000 ND 129, ¶ 12, 612 N.W.2d 561). When a matter lies within the district court's discretion, "[a] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or it misinterprets or misapplies the law." *Hagel v. Hagel*, 2006 ND 181, ¶ 9, 721 N.W.2d 1.

[¶ 9] The Unit contends that, because Bauer was unemployed at the time of the hearing in September 2007, the district court was required to impute income to Bauer based upon his earning capacity under N.D. Admin. Code § 75–02–04.1–07(3), which, at the time this action was commenced, provided:

> Except as provided in subsections 4, 5, and 9, gross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.
>
> a. A monthly amount equal to one hundred sixty-seven times the hourly federal minimum wage.
>
> b. An amount equal to six-tenths of prevailing gross earnings in the community of persons with similar work history and occupational qualifications.
>
> c. An amount equal to ninety percent of the obligor's greatest average

gross monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided.

The district court agreed with the Unit that the presumptive amount of support under the guidelines, after imputing income under subdivision (c) based upon Bauer's earnings of $41,989.50 at Ingersoll–Rand, would have been $492 per month. The court, however, agreed with Bauer's argument that this presumptive amount had been rebutted under N.D. Admin. Code § 75–02–04.1–09(2)(j) and (1), which provided:

> The presumption that the amount of child support that would result from the application of this chapter, except for this subsection, is the correct amount of child support is rebutted only if a preponderance of the evidence establishes that a deviation from the guidelines is in the best interest of the supported children and:
>
> . . . .
>
> j. The reduced ability of the obligor to pay child support due to a situation, over which the obligor has little or no control, which requires the obligor to incur a continued or fixed expense for other than subsistence needs, work expenses, or daily living expenses, and which is not otherwise described in this subsection;
>
> . . . .
>
> l. The reduced ability of the obligor to provide support when calculation of the obligation otherwise reflects consideration of atypical overtime wages or nonrecurring bonuses over which the obligor does not have significant influence or control. . . .

The court agreed with Bauer's contention that his attendance at college was a situation over which he had little or no control that required him to incur continued or fixed expenses reducing his ability to provide support, triggering subdivision (j), and that his internship income from Ingersoll–Rand constituted atypical overtime wages or nonrecurring bonuses over which Bauer did not have significant influence or control, triggering subdivision (l). The court therefore concluded the presumptive amount had been rebutted. Relying upon Bauer's argument that income should be imputed based upon his earnings at Sears, the court determined Bauer's support obligation was $314 under the guidelines.

[¶ 10] We believe the district court reached the right result, but for the wrong reason. "[W]e will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning." *Sanders v. Gravel Prods., Inc.*, 2008 ND 161, ¶ 9, 755 N.W.2d 826 (quoting *Hanson v. Boeder*, 2007 ND 20, ¶ 21, 727 N.W.2d 280).

[¶ 11] We disagree with the district court's conclusions that Bauer's return to school constituted a situation over which he had little or no control requiring him to incur continued or fixed expenses under subdivision (j) and that Bauer's internship earnings constituted atypical overtime wages or nonrecurring bonuses under subdivision (l). The district court has attempted to stretch the language of the guidelines to allow rebuttal of the presumptive amount of child support. However, we do not believe the unusual circumstances occasioned by Bauer's internship earnings provided a basis to rebut the presumptively correct amount under the guidelines. Rather, these circumstances should be considered under the general rules for determining the initial presumptive amount under the guidelines.

[¶ 12] The general instructions for determining the presumptive support amount under the guidelines are set out in N.D. Admin. Code § 75–02–04.1–02. Those general instructions allowed the district court to consider, when initially calculating an appropriate amount under the guidelines, whether Bauer's past earnings history was a reliable indicator of his future ability to provide support to the child:

> Calculations made under this chapter are ordinarily based upon recent past circumstances because past circumstances are typically a reliable indicator of future circumstances, particularly circumstances concerning income. If circumstances that materially affect the child support obligation are very likely to change in the near future, consideration may be given to the likely future circumstances.

N.D. Admin. Code § 75–02–04.1–02(8). This provision demonstrates that a district court is not unequivocally bound to past earnings history if the evidence in the record demonstrates that such past earnings are not a reliable indicator of the obligor's actual present or future ability to earn income and pay child support. In fact, this provision appears to be designed specifically for cases such as this one, where the obligor's present ability to earn is not accurately reflected in his earnings history.

[¶ 13] This Court applied N.D. Admin. Code § 75–02–04.1–02(8) under comparable circumstances in *Evenson v. Evenson,* 2007 ND 194, ¶¶ 18–19, 742 N.W.2d 829. In *Evenson,* the obligor earned income from self-employment and also earned wages from a temporary position that was eliminated while the divorce action was pending. This Court upheld the district court's conclusion that elimination of the job materially affected the child support obligation under N.D. Admin. Code § 75–02–04.1–02(8). The Court concluded the district court did not err when it refused to consider the obligor's income from the eliminated job when it calculated child support under the guidelines. *Evenson,* at ¶ 19. Similarly, in *In re F.R.S.,* 2002 ND 191, ¶¶ 5–6, 653 N.W.2d 659, this Court upheld a district court's decision to not include an obligor's losses from his discontinued custom harvesting business when calculating child support under the guidelines. Applying N.D. Admin. Code § 75–02–04.1–02(8), this Court concluded that the district court properly refused to include those losses "because those past losses would not be 'the best predictor' of [the obligor's] future income." *F.R.S.,* at ¶ 6. Although *Evenson* and *F.R.S.* did not involve imputation of income, they clearly indicate that, under N.D. Admin. Code § 75–02–04.1–02(8), the court has discretion to exclude past earnings that are not an accurate predictor of future income, including earnings from a temporary position that has been terminated or discontinued, when making the initial calculation of child support.

[¶ 14] Further support for the district court's decision is provided by N.D. Admin. Code § 75–02–04.1–02(7), which provided:

> Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income. Where gross income is subject to fluctuation, particularly in instances involving self-employment, information reflecting and covering a period of time sufficient to reveal the likely extent of fluctuations must be provided.

This provision indicates that the court may take into consideration fluctuations in an obligor's income when making the initial determination of child support under the guidelines.

[¶ 15] In its arguments on appeal, the Unit has relied upon this Court's prior cases indicating child support must be based upon earning capacity when an obligor is unemployed or underemployed, and has particularly emphasized our pronouncement in prior cases that "[t]he guidelines recognize that parents have a duty to support their children to the best of their abilities, not simply to their inclinations." *E.g., Oien v. Oien*, 2005 ND 205, ¶ 7, 706 N.W.2d 81; *Otterson v. Otterson*, 1997 ND 232, ¶ 10, 571 N.W.2d 648. Calculation of child support based upon imputed income at the level of the obligor's earning capacity under N.D. Admin. Code § 75–02–04.1–07(3), however, is premised upon the presumption that "[e]arning capacity is a resource available to an obligor." *McClure v. McClure*, 2003 ND 130, ¶ 7, 667 N.W.2d 575; *Surerus v. Matuska*, 548 N.W.2d 384, 386 (N.D.1996). While parents have a duty to support their children to the best of their abilities, the guidelines in N.D. Admin. Code § 75–02–04.1–02(8) provide the district court with discretion to consider the true state of the parties' financial circumstances when evidence of past income is not a reliable indicator of future earnings and to determine the obligor's ability to support his child accordingly.

[¶ 16] The child support guidelines are based upon the underlying assumption that the earnings history generally will be a reliable measure of future earnings and may therefore serve as the basis for a prospective award of child support. The drafters of the guidelines have recognized, however, that past circumstances are not always predictive of future circumstances, and have provided for certain deviations from the standard formula for variances such as atypical overtime wages, nonrecurring bonuses, illness of the obligor, and situations over which the obligor has no control which require continued or fixed expenses. *See* N.D. Admin. Code § 75–02–04.1–09(2). But the guidelines do not, and cannot, envision every conceivable factual scenario that will arise. Section 75–02–04.1–02(8), N.D. Admin. Code, affords the district court some measure of discretion to consider the obligor's financial circumstances and fashion an appropriate level of support when prior circumstances are not a reliable indicator of the obligor's future financial circumstances.

[¶ 17] In this case, all of the evidence indicates that Bauer's earnings at his Ingersoll–Rand internship were temporary and could be obtained only as part of his enrollment in the mechanical engineering program at NDSU. There is no evidence that Bauer otherwise has any possibility of earning $42,000 per year with his current educational and employment history. Nor is there any evidence that Bauer's inability to earn income at that level is due to any wrongdoing or illegal activity on his part. *See, e.g., In re A.M.S.*, 2005 ND 64, ¶¶ 11–15, 694 N.W.2d 8 (minimum wage may be imputed to an incarcerated obligor even though he is unable to earn that amount while incarcerated). While in the ordinary case in which income is imputed there is evidence demonstrating that the obligor has some realistic ability to earn income at the imputed amount, in this case such evidence is wholly lacking.

[¶ 18] Under N.D. Admin. Code § 75–02–04.1–02(7) and (8), the district court had discretion to consider fluctuations in Bauer's income and the fact that his past income had changed and was not a reliable indicator of his present earning capacity. The district court, although not citing to these administrative code provisions, did precisely what those provisions allow. The court in its initial order specifically found that Bauer's "employment with Ingersoll Rand was an internship integral to his education and that equivalent employment

was not and is not available to him outside the context of his education." The court therefore disregarded those wages and imputed income to Bauer based upon his prior earnings at Sears. Although the district court ascribed the wrong reasons for the result it reached, "the result is the same under the correct law and reasoning." *Sanders*, 2008 ND 161, ¶ 9, 755 N.W.2d 826; *Hanson*, 2007 ND 20, ¶ 21, 727 N.W.2d 280.

[¶ 19] We share the district court's concern that the result urged by the Unit may have ultimately been detrimental to the best interests of the child. The record demonstrated that Bauer was a junior in the mechanical engineering program at NDSU and had been offered a position with Ingersoll–Rand upon his graduation. Bauer clearly had no ability to earn $42,000 per year while attending school full time. It was certainly in the child's best interests for her father to stay in school and earn a degree, with its resulting higher earning capacity, than to require the father to leave school and accept lesser employment in order to meet a child support obligation based upon a fictional, unobtainable earning capacity.

[¶ 20] We conclude the district court did not abuse its discretion when it failed to impute income to Bauer based upon his internship earnings.

### III

[¶ 21] The Unit contends the district court erred when it deducted Bauer's visitation expenses directly from his child support obligation rather than from his net income. Under N.D. Admin. Code § 75–02–04.1–09(2)(i), an obligor's child support obligation may be adjusted if his ability to provide support is reduced due to visitation-related travel expenses, but under N.D. Admin. Code § 75–02–04.1–09(7) the travel expenses must be subtracted from the obligor's net income before calculating the support obligation. *Cline v. Cline*, 2007 ND 85, ¶ 10, 732 N.W.2d 385. Bauer concedes on appeal that his travel expenses should have been deducted from his net income, not directly from his child support obligation.

[¶ 22] Rather than remand to the district court for recalculation of the correct amount of child support, we are able to apply the guidelines and calculate the correct amount. Based upon Bauer's earnings at Sears, the district court determined Bauer's monthly net income was $1,393 and that he had $97.50 in monthly travel expenses for visitation. Subtracting these visitation expenses from Bauer's monthly net income yields $1,295.50, which we round to $1,300 in monthly net income under N.D. Admin. Code § 75–02–04.1–02(5). Applying N.D. Admin. Code § 75–02–04.1–10, the correct amount of Bauer's child support obligation is $298 per month.

### IV

[¶ 23] We modify the judgment to require Bauer to make monthly child support payments in the amount of $298 commencing with the February 29, 2008, payment. In all other respects the judgment is affirmed.

[¶ 24] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ.