Filed 12/15/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 208

Patrick Tesla Machart, Plaintiff and Appellee

v.

Tracy Lynn Machart, n/k/a

Tracy Bunkowske, Defendant and Appellant

No. 20090139

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Robert J. Schultz, Conmy Feste Ltd., P.O. Box 2686, Fargo, ND 58108-2686, for plaintiff and appellee.

Timothy P. Hill, Hill Law Office, P.L.L.C., P.O. Box 9043, Fargo, ND 58106-

9043, for defendant and appellant.

Machart v. Machart

No. 20090139

VandeWalle, Chief Justice.

[¶1] 
Tracy Machart, now known as Tracy Bunkowske, appealed from the seventh amended judgment of divorce.  On appeal, Bunkowske argues the children’s preference to live with their father does not necessitate a change in primary residential responsibility, and changing primary residential responsibility is not in the children’s best interests.
(footnote: 1)  Bunkowske also argues the referee’s child support calculation is improper because the order did not include a statement of how her net income was determined, and the referee did not account for her child with her current husband.  We affirm the portion of the judgment that awards primary residential responsibility to Patrick Machart, because the referee’s decision was not clearly erroneous.  We reverse the portion of the judgment that establishes Bunkowske’s child support obligation and remand, because the referee misapplied the child support guidelines.

I.

[¶2] Bunkowske and Machart were divorced in 1999.  They have two children, a son, J.P.M., and a daughter, J.L.M.  J.P.M. was sixteen years old at the time of the evidentiary hearing and J.L.M. was fifteen years old.  At the time of their divorce, Bunkowske and Machart stipulated that Bunkowske would have primary residential responsibility for the children and Machart would have regular parenting time.  Bunkowske remarried shortly after the divorce and she and her current husband have one daughter together, L.B.

[¶3] In 2008, Machart moved to modify custody, seeking primary residential responsibility for himself, reasonable parenting time for Bunkowske, elimination of his child support obligation, and establishment of a child support obligation for Bunkowske.  The evidentiary hearing was held before a judicial referee.  
See
 N.D. Sup. Ct. Admin. R. 13, § 5(a)(1) (authorizing judicial referees to preside over proceedings under N.D.C.C. Title 14).  The parties did not request review of the referee’s findings of fact, conclusions of law and order for seventh amended judgment in the district court.  
See
 N.D. Sup. Ct. Admin. R. 13, § 10(a) (“The findings and order of the judicial referee have the effect of an order of the district court until superseded by a written order of a district court judge”).  

[¶4] Machart argued the children’s preference to live with him constituted a material change in the circumstances.  At the evidentiary hearing, J.P.M. and J.L.M. both testified, outside their parents’ presence, that they wanted to live with their father.  J.P.M. testified his mother and stepfather do not treat him and J.L.M. as well as they treat L.B.  He also testified J.L.M. and their stepfather do not get along well.  J.L.M. testified their stepfather was disrespectful to her and her brother and their mother never took their side.  J.L.M. also testified their stepfather “talks bad about my grandma, my dad, and he talks bad to me and my brother.”

[¶5] Dr. Stephen Timm, a psychologist, testified he had met with Machart, J.P.M. and J.L.M. individually.  Based on the information he received from the children, Dr. Timm concluded they “have a sincere desire to live with their father.”  Dr. Timm stated further, “In their interviews, [J.L.M.] and [J.P.M.] come across as mature, responsible, well-balanced teenagers, who have legitimate reasons for wanting to live with their father.  In my opinion, their wishes are best given serious consideration.”  Dr. Timm asserted the children had the maturity to state their opinions regarding the parent with whom they would prefer to live, and urged the court to give their opinions consideration. 

[¶6] Machart testified he has previously observed Bunkowske’s husband yelling and screaming at J.L.M.  Bunkowske testified her husband no longer disciplines J.L.M. because he and J.L.M. “butt heads.”  She stated her husband and J.L.M. “just stay out of each other’s way.”

[¶7]  In the referee’s findings of fact, conclusions of law and order for seventh amended judgment, the referee noted both parties agreed there had been a significant change in circumstances.  The referee found both parents have a loving and affectionate bond with the children, are morally fit, and are physically and mentally healthy.  According to the referee, the children are thriving physically, academically, and are engaged in their community.  The referee also found the children are of sufficient intelligence and understanding to give weight to their preference to live with their father.  The children’s living situation with their mother and stepfather has been “stable,” but it is “less and less desirable.”  The referee found, “The interaction and interrelationship of the children with persons in their mother’s home is a factor which favors [Machart].”  The referee concluded giving primary residential responsibility to Machart is in the children’s best interests.

[¶8] The referee did not ask the parties to submit proposed child support calculations.  Machart submitted a proposed child support calculation with his post-

hearing brief.  Bunkowske did not submit a proposed child support calculation.  The referee found Bunkowske had a net monthly income of $2,484.  The referee did not explain how he arrived at that finding.  Bunkowske had testified she works Monday through Friday, 8:00 a.m. to 4:30 p.m., with a wage of $17.33 per hour.  The referee ordered Bunkowske to pay Machart $723 per month in child support.  The referee did not account for Bunkowske’s daughter with her current husband when making his child support determination.

II.

[¶9] Bunkowske argues awarding primary residential responsibility to Machart is not in the children’s best interests.  A district court’s modification of primary residential responsibility is a finding of fact that will only be reversed if it is clearly erroneous.  
Frueh v. Frueh
, 2009 ND 155, ¶ 7, 771 N.W.2d 593 (citing 
Siewert v. Siewert
, 2008 ND 221, ¶ 16, 758 N.W.2d 691).  “A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made.”  
Id.
 (quoting 
Siewert
, at ¶ 16) (internal quotations omitted).  “[W]e do not retry custody issues or reassess the witnesses’ credibility if the court’s decision is supported by evidence in the record.”  
Id.
 (citing 
Siewert
, at ¶ 24).  A choice between two permissible views of the evidence is not clearly erroneous.  
Id.
 (citing 
Siewert
, at ¶ 24).

[¶10] The last order establishing primary residential responsibility of J.P.M. and J.L.M. was entered more than two years prior to Machart’s Motion to Modify Custody.  If more than two years have elapsed since an order establishing primary residential responsibility, a court can modify the order if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.   

Id.
 at ¶ 8 (citing N.D.C.C. § 14-09-06.6(6) (2007)).  The party seeking a change in primary residential responsibility has the burden of proving there has been a material change in circumstances and a change in primary residential responsibility is necessary to serve the children’s best interests.  
Id.
 (citing 
Siewert
, 2008 ND 221, ¶ 16, 758 N.W.2d 691).  A material change in circumstances is an important new fact that was not known at the time of the prior order, although not every change warrants a change of primary residential responsibility.  
Id.
 at ¶ 9 (citing 
Siewert
, at ¶ 17).

[¶11] If the district court determines a material change in circumstances has occurred, it must consider whether a change in primary residential responsibility is necessary to serve the children’s best interests, applying the factors listed in N.D.C.C. § 14-09-06.2(1).  
Id.
 at ¶ 10 (citing 
Siewert
, at ¶ 19).  These factors include:

a. The love, affection, and other emotional ties existing between the parents and child.

b. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.

c. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity.

e. The permanence, as a family unit, of the existing or proposed custodial home.

f. The moral fitness of the parents.

g. The mental and physical health of the parents.

h. The home, school, and community record of the child.

I. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

j. Evidence of domestic violence. . . .

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child’s best interests. The court shall consider that person’s history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.

m. Any other factors considered by the court to be relevant to a particular child custody dispute.    

Id.
 (citing N.D.C.C. § 14-09-06.2(1) (1997)) (omission in original).  The best interests factors must be considered against the backdrop of the stability of the children’s relationship with the parent with primary residential responsibility.  
Id.
 (citing 
Siewert
, at ¶ 19).

[¶12] This Court has previously concluded a child’s preference to live with one parent can constitute a material change in circumstances, justifying a change in primary residential responsibility.  In 
Mosbrucker v. Mosbrucker
, the child initially chose to live with her father.  
Mosbrucker v. Mosbrucker
, 1997 ND 72, ¶¶ 2-3, 562 N.W.2d 390.  After her father remarried and his new wife’s family moved into the house, the child expressed a desire to live with her mother.  
Id.
 at ¶ 3.  At the child’s request, her mother filed a motion to change primary residential responsibility.  
Id.
 at ¶¶ 3-4.  We stated, “A mature child’s preference should be considered by the trial court as a change in circumstances if there are persuasive reasons for that preference, persuasive enough to result in a change in [primary residential responsibility].”  
Id.
 at ¶ 10 (citing 
Alvarez v. Carlson
, 524 N.W.2d 584, 592 (N.D. 1994) (VandeWalle, C.J., concurring in result); 
Barstad v. Barstad
, 499 N.W.2d 584, 589 (N.D. 1993) (VandeWalle, C.J., dissenting); 
Novak v. Novak
, 441 N.W.2d 656, 658 (N.D. 1989) (VandeWalle, J., concurring specially)).  We held a significant change in circumstances had occurred.  
Id.
  We also concluded the child’s stated preference was dispositive of the best interests issue, and the child should live with her mother.  
Id.
 at ¶ 12 (citing 
Alvarez v. Carlson
, 524 N.W.2d 584, 592 (N.D. 1994) (VandeWalle, C.J., concurring specially)).

[¶13] This case is similar to 
Mosbrucker
.  Both parties agree a material change in circumstances has occurred.  The children have expressed a desire to live with their father, due in part to their poor relationship with their stepfather.  Dr. Timm reported the children are “mature, responsible, well-balanced teenagers, who have legitimate reasons for wanting to live with their father.”  Both parents also testified about the children’s relationship with their stepfather.  The referee found the children’s residence has been stable, but is “less and less desirable,” and, “[t]he interaction and interrelationship of the children with persons in their mother’s home is a factor which favors [Machart].”  Evidence was presented to support the referee’s findings, and the findings were not induced by an erroneous view of the law.  The referee’s awarding of primary residential responsibility to Machart is not clearly erroneous.

III.

[¶14] Bunkowske also argues the referee’s child support calculation was improper because her income was not sufficiently documented and the referee did not account for her daughter with her current husband.  Child support determinations involve questions of law, which are reviewed de novo, findings of fact, which are reviewed on a clearly erroneous basis, and matters of discretion, which are reviewed on an abuse of discretion basis.  
State ex rel. K.B. v. Bauer
, 2009 ND 45, ¶ 8, 763 N.W.2d 462 (citing 
Buchholz v. Buchholz
, 1999 ND 36, ¶ 11, 590 N.W.2d 215).  “If the district court fails to comply with the child support guidelines in determining an obligor’s child support obligation, the court errs as a matter of law.”  
Id.
 (quoting 
Serr v. Serr
, 2008 ND 229, ¶ 10, 758 N.W.2d 739).  Failing to properly apply the child support guidelines to the facts is an error of law.  
Id.
 (citing 
Korynta v. Korynta
, 2006 ND 17, ¶ 18, 708 N.W.2d 895).

[¶15] The referee found Bunkowske’s net monthly income was $2,484.  The referee did not explain how he arrived at that number.  Bunkowske testified regarding her hourly wage.  She did not submit tax returns, wage statements, or a proposed child support calculation.  The child support guidelines require income to be “sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income.”  N.D. Admin. Code § 75-

02-04.1-02(7).  The guidelines also require, “Each child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined.”  N.D. Admin. Code § 75-02-

04.1-02(10).  The referee erred as a matter of law by failing to state in his order how he determined Bunkowske’s net income.  
Bauer
, 2009 ND 45, ¶ 8, 763 N.W.2d 462 (citing 
Serr
, 2008 ND 229, ¶ 10, 758 N.W.2d 739).

[¶16] Bunkowske and her current husband have a daughter, L.B., who lives with them.  The child support guidelines require additional calculations to be made “in all cases involving an obligor who . . . [o]wes a duty of support to at least one obligee and also owes a duty of support to a child living with the obligor who is not also the child of that obligee.”  N.D. Admin. Code § 75-02-04.1-06.1(1)(b).  The referee did not make any allowance for L.B.  The referee did not comply with the child support guidelines and thus erred as a matter of law.  
Bauer
, 2009 ND 45, ¶ 8, 763 N.W.2d 462 (citing 
Serr
, 2008 ND 229, ¶ 10, 758 N.W.2d 739).

IV.

[¶17] We affirm the portion of the judgment that awards primary residential responsibility to Machart.  We reverse and remand the portion of the judgment that establishes a child support obligation for Bunkowske for recalculation of Bunkowske’s child support obligation.

[¶18] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Carol Ronning Kapsner

Maring, Justice, concurring in the result.

[¶19] I respectfully concur in the result only because I continue to disagree with the majority’s interpretation of our case law and the statute.  I continue to be of the opinion that if the trial court finds there has been a material change in circumstances, the court must then consider whether the change in circumstances is sufficient enough and so adverse to the child’s best interests to require the examination of the best interests of the child under N.D.C.C. § 14-09-06.2(1).  
Dunn v. Dunn
, 2009 ND 193, ¶ 19 (Maring, J., specially concurring); 
Kelly v. Kelly
, 2002 ND 37, ¶ 47, 640 N.W.2d 38 (Maring, J., concurring).

[¶20] Mary Muehlen Maring

FOOTNOTES
1:    
As of August 1, 2009, “custody” and “visitation” are now referred to as “primary residential responsibility” and “parenting time,” respectively.  
See
 2009 N.D. Sess. Laws ch. 149, §§ 4, 8 (changing terminology of N.D.C.C. ch. 14-09).  Although this case was decided under the prior law, the current terminology is used in this opinion.