Filed 11/9/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 216

State of North Dakota, Plaintiff

and

Paulette Gussiaas, n/k/a Paulette Albrecht, Plaintiff and Appellant

v.

Shawn R. Neustel, Defendant and Appellee

No. 20100086

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Mikal Simonson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Maring, Justice.

Justin Dale Hager, 1110 College Drive, Suite 211, Bismarck, N.D. 58501-

1225, for plaintiff and appellant.

Joanne Hager Ottmar, P.O. Box 1397, Jamestown, N.D. 58402-1397, for defendant and appellee.

Gussiaas v. Neustel

No. 20100086

Maring, Justice.

[¶1] Paulette Gussiaas, now known as Paulette Albrecht, appeals from a judgment granting Shawn R. Neustel’s motion to change primary residential responsibility for the couple’s daughter from Albrecht to himself.  We conclude the district court’s finding that a material change in circumstances had occurred is not clearly erroneous.  We further conclude the court’s findings on whether a change in primary residential responsibility was necessary to serve the best interests of the child lack sufficient specificity to allow us to conduct a meaningful appellate review of the issue.  We affirm in part, reverse in part, and remand for the preparation of additional findings of fact.

I

[¶2] 
Albrecht and Neustel, who were never married to each other, have a daughter born in 2002.  They lived together along with Albrecht’s son from a previous relationship.  After Albrecht and Neustel separated, a paternity judgment was entered in 2005 awarding Albrecht primary residential responsibility for the child.  Neustel was granted reasonable parenting time and ordered to pay child support.  At the time, Albrecht was living and working in Carrington, and Neustel was living and working in the Milnor area.  Neustel married in April 2007 and lives with his wife and her two daughters from a previous relationship.  Since Albrecht and Neustel separated in December 2004, Albrecht has had several boyfriends, one to whom she was married for approximately seven months.  She has also moved several times to different homes in Carrington and the surrounding area.

[¶3] During summer 2009, Albrecht and the children moved from Carrington to Mandan.  After Albrecht’s move and a court-ordered increase in Neustel’s child support obligation, Neustel filed a motion to change the primary residential responsibility for his daughter from Albrecht to himself.  Following a hearing, the district court granted the motion.  The court found a material change of circumstances had occurred and awarded primary residential responsibility to Neustel. 

II

[¶4] Albrecht argues the district court erred in changing primary residential responsibility to Neustel.

[¶5] Motions to modify primary residential responsibility after two years from entry of a previous order are governed by N.D.C.C. § 14-09-06.6(6), which provides:

The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

 

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.

 

[¶6] In 
Lechler v. Lechler
, 2010 ND 158, ¶ 9, 786 N.W.2d 733, this Court recently explained:

The party seeking to change primary residential responsibility has the burden of proving there has been a material change in circumstances and a change in primary residential responsibility is necessary to serve the child’s best interests.  
Frueh v. Frueh
, 2009 ND 155, ¶ 8, 771 N.W.2d 593.  We have defined a “material change in circumstances” as “an important new fact that was not known at the time of the prior custody decree.”  
Siewert v. Siewert
, 2008 ND 221, ¶ 17, 758 N.W.2d 691.  If a district court determines no material change in circumstances has occurred, it is unnecessary for the court to consider whether a change in primary residential responsibility is necessary to serve the children’s best interests.  
See
 
Machart v. Machart
, 2009 ND 208, ¶ 11, 776 N.W.2d 795.  A district court’s decision whether to modify primary residential responsibility is a finding of fact which will not be reversed on appeal unless clearly erroneous.  
Dunn v. Dunn
, 2009 ND 193, ¶ 6, 775 N.W.2d 486.  A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made.  
Id.

 

A

[¶7] Albrecht contends the district court erred in finding there had been a material change of circumstances in this case.

[¶8] We have defined a material change of circumstances as “‘important new facts that were unknown at the time of the initial custody decree.’”  
Stanhope v. Phillips-

Stanhope
, 2008 ND 61, ¶ 6, 747 N.W.2d 79 (quoting 
In re Thompson
, 2003 ND 61, ¶ 7, 659 N.W.2d 864).  Although not every change in circumstances is sufficient to warrant a change of primary residential responsibility, 
see, e.g.
, 
Haugrose v. Anderson
, 2009 ND 81, ¶ 9, 765 N.W.2d 677, this Court has long recognized that a move by a parent with primary residential responsibility either out-of-state or in-state, accompanied by other circumstances, may be viewed as a material change of circumstances.  
See, e.g.
, 
Fleck v. Fleck
, 2010 ND 24, ¶ 6, 778 N.W.2d 572; 
Dietz v. Dietz
, 2007 ND 84, ¶ 13, 733 N.W.2d 225; 
Gietzen v. Gietzen
, 1998 ND 70, ¶ 10, 575 N.W.2d 924; 
Hanson v. Hanson
, 1997 ND 151, ¶ 5, 567 N.W.2d 216; 
Van Dyke v. Van Dyke
, 538 N.W.2d 197, 201 (N.D. 1995); 
Gould v. Miller
, 488 N.W.2d 42, 44 (N.D. 1992). 

[¶9] Here, the district court found there had been a material change of circumstances because Albrecht “has been concentrating more on her own needs than those of” her daughter, Albrecht’s “home has been in a state of constant change as [her] boyfriends move in and out of their home,” and Albrecht “uprooted [her daughter] from Carrington; the place where she grew up, had friends, and her extended family.”
  There is evidence in the record that since the original judgment was entered, Albrecht has been involved in long-term relationships with at least five men and these relationships have caused disorder in the lives of her children.  The evidence also reflects that extended family members, including Albrecht’s parents, resided in the Carrington area and were available to help care for the children, and that this support system was unavailable to Albrecht in Mandan.

[¶10] Upon our review of the record, we conclude the district court’s finding that there had been a material change of circumstances is not clearly erroneous.

B

[¶11] Albrecht argues the district court erred in changing primary residential responsibility because it failed to make the required finding that the change was “necessary.”

[¶12] If a district court finds a material change of circumstances has occurred, the court cannot change primary residential responsibility for the child unless it further finds that the modification is necessary to serve the best interests of the child.  
See, e.g.
, 
Dufner v. Trottier
, 2010 ND 31, ¶ 12, 778 N.W.2d 586; 
Kelly v. Kelly
, 2002 ND 37, ¶¶ 15, 44, 640 N.W.2d 38.  As we said in 
Manning v. Manning
, 2006 ND 67, ¶ 28, 711 N.W.2d 149, the material or “significant change [must] compel[], in the child’s best interests, a change in [primary residential responsibility].”  “[T]he added requirement of showing a change of [primary residential responsibility] is ‘compelled’ or ‘required’ ‘gives some finality to a trial court’s original custody decision and helps ensure that a child is not bounced back and forth between parents “as the scales settle slightly toward first one parent and then the other.”’”  
Lovin v. Lovin
, 1997 ND 55, ¶ 17, 561 N.W.2d 612 (quoting 
Hagel v. Hagel
, 512 N.W.2d 465, 467 (N.D. 1994)).

[¶13] Under N.D.R.Civ.P. 52(a), a district court trying an action without a jury must “find the facts specially.”  “[T]he district court is required to make such findings of fact and conclusions of law that are sufficient to enable the appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law.”  
Haugrose
, 2009 ND 81, ¶ 7, 765 N.W.2d 677.  Consequently, the district court’s findings of fact must “be stated with sufficient specificity to assist the appellate court’s review and to afford a clear understanding of the trial court’s decision.”  
Rothberg v. Rothberg
, 2006 ND 65, ¶ 14, 711 N.W.2d 219.

[¶14] The district court’s findings of fact are insufficient to allow us to conduct a meaningful appellate review of whether a change in primary residential responsibility was necessary to serve the best interests of the child.  Although the court, before engaging in a best interests analysis under N.D.C.C. § 14-09-06.2, acknowledged that it “must consider whether it is necessary to modify the primary residential responsibility to serve the best interests of the child,” it made no express finding that a change was necessary.  A review of the court’s findings on the best interests factors does not enable us to understand the basis for the decision.  Those findings basically consist of a recitation of the evidence presented by the parties, without any clear indication of which factor the court believed favored either Albrecht or Neustel.  A district court’s recitation or summary of evidence presented at trial does not satisfy the requirement that findings of fact must be stated with specificity.  
See
 
Gonzalez v. Gonzales
, 2005 ND 131, ¶ 10, 700 N.W.2d 711; 
Smith Enters., Inc. v. In-Touch Phone Cards, Inc.
, 2004 ND 169, ¶ 14, 685 N.W.2d 741; 
State v. Schmitt
, 2001 ND 57, ¶ 12, 623 N.W.2d 409; 
In re T.J.K.
, 1999 ND 152, ¶ 13, 598 N.W.2d 781.

[¶15] For example, Albrecht argued that Neustel should not be awarded primary residential responsibility because he had been alienating the child from her.  A parent may not benefit from conduct alienating a child from the other parent.  
See
 
Wolt v. Wolt
, 2010 ND 26, ¶ 25, 778 N.W.2d 786.  Under N.D.C.C. § 14-09-06.2(1)(m), relating to any other relevant factor, the district court merely noted, “Paulette believes that Shawn and Darla are alienating [the child] away from her.”  The court provided no resolution to this factual dispute.  Neustel argued there was evidence of domestic violence under N.D.C.C. § 14-09-06.2(1)(j) on the part of Albrecht.  The court simply observed that “[t]here also is not much domestic violence on the part of Paulette with the exception she tried to run over [her ex-husband] with her van.”  “When addressing whether evidence of domestic violence triggers the presumption [against primary residential responsibility], the district court ‘“must make specific and detailed findings regarding the effect the allegations of domestic violence have on the presumption.”’” 
Boeckel v. Boeckel
, 2010 ND 130, ¶ 16, 785 N.W.2d 213 (quoting 
Cox v. Cox
, 2000 ND 144, ¶ 17, 613 N.W.2d 516).  The court made none of the required findings.  Furthermore, under N.D.C.C. § 14-09-06.2(1)(b), relating to the ability of each parent to provide the child with a safe environment, the court made the unremarkable finding that “[s]everal sex offenders live in Mandan,” but that “[n]o sex offenders live near” Neustel in Milnor.  The evidence reflected that Albrecht lived less than two blocks from an elementary school and that no sex offenders lived close to Albrecht.

[¶16] The district court’s failure to make findings that would support a modification is necessary here indicates it misapplied the law by treating this case as an initial determination of primary residential responsibility.  Unlike a determination of an award of original primary residential responsibility, a determination of a change of primary residential responsibility requires that “[t]he best interests factors . . . be considered against the backdrop of the stability of the children’s relationship with the parent with primary residential responsibility.”  
Machart v. Machart
, 2009 ND 208, ¶ 11, 776 N.W.2d 795;  
see also
 
Siewert v. Siewert
, 2008 ND 221, ¶ 19, 758 N.W.2d 691.

[¶17] The district court’s findings are insufficient for us to conduct a meaningful review of whether a change in primary residential responsibility was necessary to serve the best interests of the child.  We reverse in part and remand for the preparation of additional findings of fact in accordance with applicable law.

III

[¶18] In view of our disposition of this case, it is unnecessary to address other issues raised.  We affirm in part, reverse in part, and remand for the preparation of additional findings of fact.

[¶19] Mary Muehlen Maring

Carol Ronning Kapsner

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring in the result.

[¶20] This is not a close case.  I understand the majority is remanding so the district court can make explicit its findings that are implicit in its memorandum opinion and findings of fact.

[¶21] The district court has the authority to maintain the children’s status quo during the remand so that more instability is not injected into their young lives.

[¶22] Dale V. Sandstrom